

**STATE OF NEW YORK**
**UNIFIED COURT SYSTEM**
EMPIRE STATE PLAZA
4 ESP, SUITE 2001
ALBANY, NEW YORK 12223-1450
(518) 474-7469



RECEIVED
JUN 2 8 2006
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

JONATHAN LIPPMAN
Chief Administrative Judge

MICHAEL COLODNER
Counsel

June 21, 2006

Hon. Harold Baer, Jr.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/06

    Re:    *O'Leary v. NY State Unified Court System*
           05 Civ. 6722 (HB) (DCF)

Dear Judge Baer:

    I am in receipt of Your Honor's most recent electronically-filed order in which you granted plaintiff's request to extend discovery to September 18, 2006, but also noted that the time to file motions in this action has passed. I am already in the midst of preparing a dispositive motion for summary judgment on behalf of defendant Unified Court System. I write to respectfully request that I be granted until August 1, 2006 to serve the motion upon plaintiff.

    In this Title VII action, plaintiff, a court attorney in the Bronx, is alleging a discriminatory failure to appoint her to several high-ranking Chief Clerk positions she has sought over the years. Although the complaint alleges that she was not appointed because of her gender, national origin, and race, her complaint to the EEOC raised only one of those grounds, i.e., her national origin (Irish-American). Accordingly, one ground for the proposed motion will be that plaintiff has failed to exhaust her administrative remedies with respect to her gender and race claims, which are not, in the circumstances of this case, reasonably related to her national origin claim. In addition, although the complaint does not specify exactly which jobs she applied for but did not get, referring to a period as far back as the early 1990's, it is clear that any such denial of a promotion was a discrete act which to be actionable had to have been the subject of a timely filed EEOC charge. Accordingly, another basis for the proposed motion is that plaintiff's claim is limited to three positions that she applied for within

the period 300 days prior to filing her EEOC complaint. As to those three positions, it will be easily demonstrated that her credentials and relevant job experience did not meet the requisite qualifications for the positions, while the persons who did receive the appointments had such credentials and job experience that they were clearly qualified for the positions.

  All available documents relating to the three at-issue appointments have been provided to plaintiff, including the resumes, applications and writing samples of all the applicants, the interview panel rating sheets, the title standards, the job announcements, and memos relating to miscellaneous aspects of the appointment process. I do not anticipate the need for defendant to seek anything further in discovery to enable the proposed motion to go forward. Accordingly, I would ask that defendant be permitted to move this case forward by making the proposed motion that most likely would be dispositive or, at the very least, vastly narrow the issues in dispute.

                 Very truly yours,

                 John J. Sullivan
                 Assistant Deputy Counsel
                 Attorney for Defendant

cc: Steven M. Coren, Esq.

*[Handwritten note:]* You are more than welcome to file your summary judgment motion but keep in mind that if we have less than 60d before trial to decide the motion, it is likely we will have the trial before I can render a decision of the SJ motion

SO ORDERED:

*[Signature]* Harold Baer, Jr., U.S.D.J.

Date: 7/6/06

Endorsement:

      You are more than welcome to file your summary judgment motion but keep in mind that if we have less than 60 days before trial to decide the motion, it is likely we will have the trial before I can render a decision of the summary judgment motion.