# COREN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

(212) 371-5800
Fax (212) 371-6785
info@capclaborlaw.com

STEVEN M. COREN

ERIC SU

Of Counsel:
STEPHEN C. COOPER
L. SUSAN SLAVIN LAW FIRM, P.C.

LONG ISLAND OFFICE
400 FRANKLYN AVENUE
GARDEN CITY, NY 11530
(631) 724-6400

RECEIVED JUL 13 2006 HAROLD BAER U.S. DISTRICT JUDGE S.D.N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/06

July 13, 2006

**VIA FAX (212) 805-7901**
**& FIRST CLASS MAIL**
Hon. Harold Baer, Jr., USDJ
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

       Re:    *O'Leary v. Unified Court System*
              *SDNY Case No. 05cv6722(HB)(DCF)*

Your Honor:

       As counsel for plaintiff in the above-referred Title VII action, we respectfully urge the Court to deny defendant's pending letter application seeking leave to file a dispositive motion in all respects. As more fully set forth below, Defendant has no basis to make such a motion.

       Defendant's potential dispositive motion seems to be predicated on two (2) grounds: (a) Plaintiff's alleged failure to exhaust administrative remedy; and (b) plaintiff lacked the requisite credentials to warrant consideration for positions she applied for. However, Defendant must be denied leave because questions of fact concerning both grounds remain unresolved.

       As to the first predicate to defendant's purported motion, questions of fact remain as to whether Defendant's failure to grant interviews for positions applied for by Plaintiff since 1998 constitute continuing and repeated violations of applicable EEO law and thus are covered by Plaintiff's EEOC charge filed in 2004. Plaintiff in this matter is alleging discriminatory hiring patterns or practices dating as far back as early 1990s. The motion's second predicate is equally without basis as questions of fact exist concerning whether Plaintiff's credentials and experience meet the requisite qualifications and conditions of the positions she applied for. Resolution of these questions is necessary to determine whether the candidate selection and hiring process was arbitrary, capricious, and, more importantly, discriminatory.

       Defendant's now well-documented failure to cooperate in discovery in this matter has prevented the resolution of many of these questions of fact and has severely prejudiced Plaintiff's prosecution of this action. As the Court may be aware, Plaintiff has made exhaustive and numerous good faith attempts to obtain Defendant's cooperation in discovery. Plaintiff's good faith was

Hon. Harold Baer, Jr., USDJ  
United States District Court, SDNY

June 28, 2006  
Page 2

responded to by Defendant with stonewalling. Allowing Defendant to file such a motion at this juncture will not only cause prejudice to plaintiff, but rewards Defendant's bad faith.

      It is plain that Defendant's motion is simply without basis, and therefore the instant application must be denied in its entirety. Kindly advise.

Very truly yours,

Eric Su

ES/cd  
cc: John J. Sullivan, Esq. - via fax 518-473-5514  
    F. O'Leary - via email

7/24/06 — Counsel: Federal Rules dictate that if matters in time, I can't get their schedule in time. I already ruled on the motion to preclude & decided to urge you to call noted that the case would be closed as per PTSO. I urge you to confer promptly if any are produced — otherwise has not always — I don't hear by August 2, I will assume in this has been SOLDERED.

Harold Baer  
USDJ

Endorsement:

    I already provided defendant with time. The Federal Rules ask that matters be resolved on the merits. If I can't get then, i.e., decide in time noted that the case would go forward as per PTSO. I urge you to call promptly if any discovery has not been produced - obviously with your adversary. If I don't hear by August 2 I will assume defendant has been produced.