UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------

FRANCES O'LEARY,

               Plaintiff,　　　　　　　　　NOTICE OF MOTION
　　　　　　　　　　　　　　　　　　　　　　　　FOR
  -against-　　　　　　　　　　　　　　　　SUMMARY JUDGMENT

NY STATE UNIFIED COURT SYSTEM,　　　　　05 Civ. 6722 (HB)

               Defendant.
---------------------------------------

      PLEASE TAKE NOTICE that, upon the accompanying memorandum of law, defendant's annexed Statement pursuant to Local Civil Rule 56.1, the Affidavit of John J. Sullivan, sworn to on August 7, 2006, with accompanying documentary evidence, and all prior pleadings and proceedings herein, the undersigned, on behalf of defendant will move this Court, at the United States Courthouse, 500 Pearl Street, New York, New York, at a time and date to be determined by the Court, for an order, pursuant to Federal Rules of Civil Procedure Rule 56, for summary judgment, on the ground that there is no genuine issue as to any material facts and defendants are, as a matter of law, entitled to have judgment granted in their favor, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 7, 2006

                            MICHAEL COLODNER
                            Attorney for Defendant
                            Office of Court Administration
                            25 Beaver Street, 11th floor
                            New York, New York 10004
                            (212) 428-2150

                        By: _____
                              John J. Sullivan (JJS9947)
                              Assistant Deputy Counsel

TO:  Steven M. Coren, Esq.
      Coren & Associates, P.C.
      570 Lexington Avenue
      New York, New York 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――

FRANCES O'LEARY,

               Plaintiff,

  -against-

NY STATE UNIFIED COURT SYSTEM,

               Defendant.

―――――――――――――――――――――

STATEMENT PURSUANT
TO CIVIL RULE 56.1

05 Civ. 6722 (HB)

     Defendant, by its attorney, MICHAEL COLODNER, submits the following statement of material facts as to which it contends there are no genuine issues to be tried and which would entitle it to summary judgment as a matter of law.

Plaintiff's prior employment history

     1.    Plaintiff Frances O'Leary was employed by defendant as a Uniformed Court Officer and then a Senior Court Officer from 1978 to 1983; these titles are security positions and are responsible for preserving and maintaining order within court facilities and for responding effectively to any contingency that may disrupt court operations. Affidavit of John Sullivan, sworn to August -, 2006 ("Sullivan Aff."), Exhibits "H" and "A."

     2.    Plaintiff was employed by defendant as a Senior Court Clerk from September, 1983 to May, 1985; a Senior Court Clerk serves as part clerk, i.e.,

courtroom clerk, and provides clerical support to judges by swearing witnesses, polling jurors, maintaining custody of exhibits and keeping court minutes. Sullivan Aff., Exhibits "B" and "H."

    3.    Plaintiff received a J.D. from Brooklyn Law School in 1983 and was employed by defendant as a Law Assistant, Trial Part and then as a Senior Law Assistant from May, 1985, to January, 1991; these titles are legal positions and provide legal support to judges by researching and analyzing legal issues and drafting confidential legal opinions, decisions, orders, jury charges, and correspondence. Sullivan Aff., ¶ 4; Exhibits "C" and "H."

    4.    From January, 1991 to October, 1998, plaintiff was employed by defendant as a Senior Court Attorney, Trial Part, and in two other positions in the Court Attorney title series, specifically, Associate Court Attorney, Trial Part, and Principal Court Attorney, Trial Part; all three of these titles assist judges by researching and analyzing complex and difficult legal issues and questions and performing other related duties. Sullivan Aff., ¶ 5; Exhibits "D" and "H."

    6.    From October, 1998, to the date this litigation was commenced, plaintiff was employed as a Principal Law Clerk in Bronx County Supreme Court, a position which has a salary grade of JG-31; this title is a legal position held by individuals who are assigned to individual judges who they assist by researching and analyzing uniquely intricate, complex and sensitive legal issues and questions. Sullivan Aff., ¶ 6; Exhibits

2

"E" and "H."

<u>Positions sought by plaintiff</u>

    A.  <u>Chief Clerk of the Bronx Supreme Court, Civil Term</u>

    7.    On March 3, 2004, the Unified Court System issued job announcement number 25405, stating that applications were being accepted for the position of Chief Clerk VII in the Bronx County Supreme Court, Civil Term. Chief Clerks VII are the highest-ranking nonjudicial employees in the New York City Civil Court, the New York City Criminal Court, and the Family Court in the City of New York. They are also the highest-ranking nonjudicial employees in the largest Supreme Courts in the State which are characterized by a combination of the following factors: (a) for each of two (2) consecutive years the court has multiple, full-time court parts; and (b) the court has more than 150 employees and a total combined civil and criminal filings of more than 25,000, or has more than 20,000 civil filings, or has more than 10,000 criminal filings. Sullivan Aff. Exhibit "F."

    8.    Chief Clerks VII serve in a confidential capacity and are responsible for managing court operations related to case processing, budget and payroll preparation, personnel management and employee relations, deployment of nonjudicial personnel, coordination with non-court agencies, and for performing other related duties. A Chief Clerk VII is also responsible for the receipt, accounting, and disbursement of fines, fees, bail and other public or custodial funds. Sullivan Aff. Exhibit "F."

9. The qualifications listed by the announcement for appointment to a Chief Clerk VII position were a Bachelor's degree from an accredited college and six (6) years of work experience involving managerial responsibilities such as human resource administration, budget preparation, and review of documents for compliance with policies, rules, and procedures, or the equivalent combination of education and experience. Sullivan Aff. Exhibit "F."

10. In 2003, there were 36,605 new filings in the Civil Term of the Bronx County Supreme Court (i.e., cases in which a Request for Judicial Intervention ["RJI"] was made seeking some form of judicial relief, ex parte applications and uncontested matrimonial cases). In 2003, the Bronx County Supreme Court, Civil Term, had 188 non-judicial employees under the supervision of the Chief Clerk. Sullivan Aff., ¶ 15.

11. Job announcement number 25405 stated that all persons who were interested in this position were to submit an application form and a resume to the Honorable Gerald Esposito, the Administrative Judge for the Bronx Supreme Court, Civil Term, no later than March 24, 2004. Sullivan Aff. Exhibit "F."

12. A total of 77 applications were received for this position, including an application submitted by plaintiff on March 5, 2004. All 77 applications – including plaintiff's application – were submitted to the interview panel. The interview panel consisted of the following persons: the Honorable Ann Pfau, First Deputy Chief Administrative Judge; the Honorable Joan B. Carey, Deputy Chief Administrative

4

Judge, N.Y.C. Courts; the Honorable Juanita Bing-Newton, Deputy Chief Administrative Judge, Justice Initiatives; and the Honorable Gerald V. Esposito, Administrative Judge, Bronx County Supreme Court, Civil Branch. Sullivan Aff., ¶ 17.

13. Twenty four persons were selected by the interview panel to be interviewed for the position. The names of the persons who were selected to meet with the interview panel were:

| | | |
|---|---|---|
| Grace A. Christie | Barry R. Clarke | Helen P. Corporan |
| Raymond J. Diaz | William F. Donahue | William C. Egan |
| Roger M. Fahey, Jr. | Michael Golden | Andrew K. Hassell |
| Esther E. Kelly | George F. King | Anthony M. Leach |
| Charles Lopez | Nelida Malave | Vincent F. Modica |
| Walter J. Nicholson | Tracy Pardo | Joseph J. Parisio, Jr. |
| Pablo G. Rivera | Ronald P. Romano | Roseann Siegel |
| Benjamin Steinberg | Steve Stone | Wilfred E. Trotman, Jr. |

Sullivan Aff., ¶ 18, Exhibit "I."

14. All of the persons invited to proceed to the interview phase submitted applications that indicated that they met or exceeded the minimum qualifications for the position. The applications of all but three of these candidates indicated that they had each progressed through a series of increasingly more demanding clerical titles and thus had gained experience directly relevant to performing the duties of Chief Clerk; of the two other court system employees who had not done so, one's application indicated that he had obtained a senior level security title with extensive supervisory responsibility

5

and the other's that, in addition to possessing a master's degree in public administration, he was employed in a senior budget office management position. The only applicant selected from outside the court system was an attorney whose application indicated extensive private and public supervisory experience. Sullivan Aff. Exhibit "I."

15. Plaintiff was not selected to proceed to the interview phase of the application process. Complaint, ¶ 1.

16. Plaintiff's application did not indicate that she had court managerial experience. None of the positions listed in plaintiff's resume – Uniformed or Senior Court Officer, Senior Court Clerk, or Court Attorney – typically perform any of the managerial duties required by the Chief Clerk VII position. Nor did plaintiff provide any elaboration on her qualifications. Her resume – which consisted of no more than a list of positions she had held – contained no description or narrative indicating that she had the sought-after managerial experience. Nor did plaintiff's application reflect any significant supervisory experience. Sullivan Aff.. Exhibit "H" and Exhibits "A" - "E."

17. The applicant who was ultimately appointed to the Bronx County Supreme Court, Civil Term, Chief Clerk VII position was Tracy Pardo. Pardo's application indicated that, after beginning her career in the court system as a court officer and then becoming a senior court clerk, she then ascended through a series of increasingly more

6

responsible court managerial positions: in 1989, she became an associate court clerk; in 1990, a principal court clerk; and, in 1998, the Deputy Clerk of the Bronx Family Court, where she managed court operations and specialized units, and developed and supervised the first child protective/permanency planning unit in the state, as well as the domestic violence tracking system used in child protective proceedings. Sullivan Aff., ¶ 21, Exhibit "I."

### B. Chief Clerk VII, Kings County Supreme Court

18.  On March 3, 2004, the Unified Court System issued job announcement number 26403, stating that applications were being accepted for the position of Chief Clerk VII at the Kings County Supreme Court. The description, responsibilities and qualifications set forth in the job announcement for this position are the same as those set forth in the job announcement for the Bronx County Chief Clerk VII position as stated in paragraphs 7 - 9, above. Sullivan Aff., Exhibit "J."

19.  In 2003, there were 49,131 new filings in the Civil Term of the Kings County Supreme Court (i.e., cases in which a Request for Judicial Intervention ["RJI"] was made seeking some form of judicial relief, ex parte applications and uncontested matrimonial cases). In 2003, the Kings County Supreme Court, Civil Term, had 340 non-judicial employees under the supervision of the Chief Clerk. Sullivan Aff., ¶ 23.

20.  The job announcement stated that all persons interested in the Kings County Chief Clerk VII position were to submit an application form and a resume to

the Honorable Neil Firetog, the Administrative Judge for the Kings Supreme Court, Civil Term, no later than March 24, 2004. Sullivan Aff., Exhibit "J."

21.   A total of 72 applications were submitted for this position, including one by plaintiff. All 72 applications – including plaintiff's application – were submitted to the interview panel. The interview panel consisted of the following persons: the Honorable Ann Pfau, First Deputy Chief Administrative Judge; the Honorable Joan B. Carey, Deputy Chief Administrative Judge, N.Y.C. Courts; the Honorable Juanita Bing-Newton, Deputy Chief Administrative Judge, Justice Initiatives; and the Honorable Neil Firetog, Administrative Judge, Kings County Supreme Court, Civil Branch. Sullivan Aff., ¶ 25.

22.   Ten persons were selected to be interviewed for the position. The names of the ten persons who were selected to meet with the interview panel were:

| | | |
|---|---|---|
| Grace Christie | Barry R. Clarke | John Costello |
| George Crowley | Paul J. Kenny | George F. King |
| Joseph J. Parisio, Jr. | Roderick E. Randall | Pablo Rivera |
| Edward J. Volpe | | |

Sullivan Aff., ¶ 26, Exhibit "K."

23.   All of the persons invited to proceed to the interview phase of the application process submitted applications that indicated that they met or exceeded the minimum qualifications for the position. The applications of each candidate selected for interview indicated that each candidate had a number of years of relevant

8

managerial and supervisory experience in one or more of the relevant areas specifically identified by the job announcement, primarily in human resource administration (9 candidates) and court document compliance review (7 candidates). The submitted applications indicated that all but one of these candidates had progressed through a series of increasingly more demanding clerical titles and all had gained experience directly relevant to performing the duties of Chief Clerk; the application of the person who had not served in such clerical titles indicated that he had served as a court attorney but had also gone on from that position to, inter alia, serve as the Deputy Chief Court Attorney in Kings Supreme, where he supervised 25 court attorneys and had administrative responsibilities in the court's law department. Sullivan Aff., Exhibit "K."

24. Plaintiff was not selected to proceed to the interview phase of the application process. Complaint, ¶ 1.

25. Plaintiff's application did not indicate that she had even the minimum qualifications for the position. While she had earned both a Bachelor's and a Law degree, her application failed to show that she had any of the managerial or supervisory experience necessary for appointment as a Chief Clerk VII. Sullivan Aff., Exhibit "H."

26. The applicant who was ultimately appointed to the Kings County Supreme Court Chief Clerk VII position was Edward Volpe. Volpe's application indicated that,

9

after beginning his court system career as a court officer in 1978, he then worked as a senior court clerk for 12 years, assigned first to the Criminal Term of Kings Supreme and then, over an 11 year period, to the Civil Term, where he worked in every court part and department, including the matrimonial and guardianship parts, and was the first supervisor of the computer room. Volpe's application further indicated that he had then ascended through a series of increasingly more demanding clerical series titles: in 1996, he became a court clerk specialist in the Civil Term, in charge of the motion and trial support offices, where he supervised 20 subordinate personnel; and, in 2001, he became the First Deputy Chief Clerk of the Civil Term, where he had managerial responsibility for all aspects of the Civil Term, including the management of over 40,000 cases and the implementation of the differential case management pilot project and the comprehensive civil justice program. Sullivan Aff., ¶ 29, Exhibit "K."

  C. <u>Court Clerk Specialist, New York County Supreme Court, Criminal Term</u>

  27. The Complaint does not allege a discriminatory failure to promote plaintiff to this position (which carries a lower salary grade than plaintiff's position as a Principal Law Clerk), but it was sought by plaintiff within the period commencing 300 days prior to the time she filed a Charge of Discrimination with the EEOC. Sullivan Aff., ¶ 30; Complaint, ¶¶ 1, 12-15, 21 (alleging a discriminatory failure to promote only to the titles of Chief Clerk and Deputy Chief Clerk).

  28. On March 10, 2004, the Unified Court System issued job announcement

10

number 24402, announcing that applications were being accepted for the position of Court Clerk Specialist. Court Clerk Specialists work in the largest Supreme and Surrogate's Courts that are located in New York City, the Appellate Divisions, or in counties with populations exceeding 400,000, where they supervise a staff of principal court clerks and other subordinate personnel who apply expert knowledge to complex problems in special terms, the Appellate Divisions, or to particular functional areas of Surrogate's Court. Court Clerk Specialists are responsible, inter alia, for devising and implementing unit work procedures and guidelines; among the knowledge, skills and abilities a Court Clerk Specialist must possess are the ability to train, supervise, and coordinate the activities of subordinate staff; the ability to evaluate staff performance against job requirements; and the knowledge of personnel practices and procedures and budgeting practices and procedures. The Court Clerk Specialist title has a salary grade of JG-30, one below plaintiff's current grade. Sullivan Aff., Exhibits "L" and "M."

29.   The job announcement indicated that, in order to qualify for appointment as a Court Clerk Specialist, an applicant must have one year of service in a the Principal Court Clerk, Principal Appellate Court Clerk or Principal Surrogate's Court Clerk title; or admission to the New York State Bar and three years legal experience; or a combination of education and experience directly related to the assignment. Sullivan Aff., Exhibit "L."

30.   The job announcement for the Court Clerk Specialist position also noted

11

duties specific to the assignment in the New York County Supreme Court, Criminal Term: the person being sought was one who would be qualified to "assist in managing court operations as 111 Centre Street [New York County Supreme Court, Criminal Term] where there are 15 felony parts," and capable of assuming responsibility for "monitoring the work performance of court clerks and subordinate personnel, ... reviewing paperwork maintained and submitted by court clerks, ... [and] conducting performance evaluations [and] monitoring attendance and punctuality of employees." Sullivan Aff., Exhibit "L."

31.   The Court Clerk Specialist job announcement directed applicants to submit a 250-350 word writing sample addressing the question: "What in your background, your experience or personality has prepared you to do the job of a Court clerk Specialist for the Criminal Term of Manhattan Supreme Court?" Sullivan Aff., Exhibit "L."

32.   A total of 46 applications were submitted for this position, including one from plaintiff that did not contain a written statement as required by the job announcement. All 46 applications – including plaintiff's incomplete application – were submitted and reviewed by an ad hoc interview panel. The interview panel consisted of the following persons: Alan Murphy, Chief Clerk of the New York County Supreme Court, Criminal Term; Conrad Martin of the New York County Supreme Court, Criminal Term; Toni Cimino of the New York County Supreme Court,

Criminal Term; Dianne Dixon of the Office of the Deputy Chief Administrative Judge, Justice Initiatives; John Giordano, Coordinator of Trial Court Operations; and Maria Logus of the Office of the Deputy Chief Administrative Judge, N.Y.C. Courts. Sullivan Aff., ¶ 34; Exhibits "N" and "O."

33. Eleven persons were selected by the interview panel to be interviewed for the Court Clerk Specialist position. The names of the persons who were selected to meet with the interview panel were:

| | | |
|---|---|---|
| George Cartegena | John Costello | Michael DiMaggio |
| William Hall | Andrew Hassell | Charles Lopez |
| Mary Price | Michael Stein | Frank Tufano |
| Ira Turkfeld | Priscilla Williamson | |

Sullivan Aff., ¶ 35; Exhibit "O."

34. The applications of the interviewed persons indicate that all of the persons invited to proceed to the interview phase of the application process met or exceeded the minimum qualifications for the position. The applications indicated that five of the 11 candidates selected had the requisite minimum of one year as a principal court clerk, a stated qualification on the job announcement – including two candidates who had also served as case management coordinators, a clerical series title of a higher grade than principal court clerk. The applications indicated that the remaining six candidates chosen had work experience directly relevant to the Court Clerk Specialist position: four of these six candidates served a minimum of four years as associate court clerk, a

13

position that is required for promotion to the principal court clerk title, and each of the associate court clerks invited to meet with the interview panel had pertinent experience managing trial court operations, having managed the operations of a particular term or office of the New York Supreme, Criminal Term, and supervised subordinate staff therein; and, the other two candidates had a minimum of four years experience serving as an assistant deputy chief clerk – a position having even greater management responsibilities than a principal court clerk and carrying significant supervisory responsibility. Sullivan Aff., Exhibit "O."

35.  All of the candidates selected to proceed to the interview stage had submitted a written statement further explaining their qualifications for the position of Court Clerk Specialist. Sullivan Aff., Exhibit "O."

36.  Plaintiff, who was not selected to proceed to the interview phase of the application process, submitted an application that failed to demonstrate that she had experience with trial court operations that was on par with the eleven persons who were invited to interview: her resume consisted of a list of positions that she had held, but did not indicate that she had experience in the trial court operations area, nor any supervisory experience, and did not include a written statement that described what relevant experience (if any) she might have had. Sullivan Aff., Exhibit "N."

37.  The applicant who was ultimately appointed to the Court Clerk Specialist position was William Hall. His application indicated that he has an M.B.A. from St.

14

John's University, and served five years as a principal court clerk in the New York County Supreme Court, Criminal Term, where he monitored the activities and performance of court clerks, supervised subordinate employees, and reviewed documents for compliance with court rules and regulations. Sullivan Aff., Exhibit "O."

Plaintiff's EEOC Charge of Discrimination

38. Plaintiff, an attorney, filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") on July 19, 2004. Complaint, ¶ 25.

39. The Charge that plaintiff filed did not allege race or gender discrimination. Sullivan Aff., Exhibit "P."

Dated: New York, New York
       August 7, 2006

                    MICHAEL COLODNER
                    Attorney for Defendants
                    Office of Court Administration
                    25 Beaver Street - 11th Floor
                    New York, New York 10004

                    By: _____
                          John J. Sullivan (JJS9947)

STATE OF NEW YORK
COUNTY OF ALBANY

Kathleen Cunningham, being duly sworn deposes and says that deponent is over the age of 18 years, is not a party to the action and resides at 206 Factory Hollow Road, Valley Falls, New York 12185, and that on the 8th day of August, 2006, deponent served one copy of the within Notice of Motion and 56.1 Statement upon the following via Express Mail:

> Steven M. Coren, Esq.
> Coren & Associates, P.C.
> 570 Lexington Avenue
> New York, New York 10022

at the address designated by him by depositing the same in a postpaid wrapper in an official depository of the United States Postal Service in the State of New York.

Kathleen Cunningham

Sworn to before me this
8th day of August, 2006

NOTARY PUBLIC

JOANNE DEBRA ROONEY
Notary Public, State of New York
No. 01RO6034216
Qualified in Rensselaer County
Commission Expires December 8, 2009