**GRACE A. CHRISTIE**
83-33 Austin St., Apt. 2A
Kew Gardens, New York   11415
(718) 643-2078 (W)
(718) 847-9383 (H)

**EXPERIENCE:**

December 2001 to
Present

**SUPREME COURT, KINGS COUNTY, CIVIL TERM**
Court Clerk Specialist

Supervise, devise and implement ex-parte, order department and computer
Department work procedures and guidelines. Consult with judges and court
administrators and recommend new court procedure and guidelines. Train,
supervise and coordinate activities of assigned staff.

March 2000 to
December 2001

**SUPREME COURT, KINGS COUNTY, CIVIL TERM**
Case Management Coordinator

Assigned to Ex-Parte Office. Responsible for supervising Principal Court Clerks,
Associate Court Clerks, Senior Court Clerks and Data Entry Clerks. Responsible for
Training Principal Court Clerks, coordinating employee tasks and schedules, and
checking and expediting ex-parte applications, including Orders to Show Cause for
legal sufficiency and form.

January 1998 to
March 2000

**SUPREME COURT, KINGS COUNTY, CIVIL TERM**
Principal Court Clerk

Ex-Parte Office Supervisor. Responsible for supervising Associate Court Clerks,
Senior Court Clerks and Data Entry Clerks. Responsible for checking and expediting
ex-parte applications, including Orders to Show Cause for legal sufficiency and form.

October 1990 to
January 1998

**COUNTY COURT, NASSAU COUNTY, MINEOLA, NEW YORK**
**SUPREME COURT, QUEENS COUNTY, CIVIL TERM**
**SUPREME COURT, NEW YORK COUNTY, CRIMINAL TERM**
Associate Court Clerk

Duties included courtroom supervision, training, preparation and correlation of
Courtroom calendars, coordinated courtroom proceedings. Supervised Court
Officers and Court Reporters. Reviewed ex-parte applications for legal sufficiency
and form.

August 1985 to
October 1990

**SUPREME COURT, NEW YORK COUNTY, CRIMINAL TERM**
**NEW YORK CITY CIVIL COURT, NEW YORK COUNTY**
Senior Court Clerk

Prepared and correlated courtroom calendars. Coordinated courtroom proceedings.
Supervised Court Officers and Court Reporters. Reviewed judgments for legal
sufficiency and form.

May 1983 to
August 1985

**NEW YORK CITY CIVIL COURT, NEW YORK COUNTY**
Uniformed Court Officer

Performed various security functions within the court, including the protection of
Judges and sequestration of jurors.

1995

**SPECIAL PROJECT**

Participated as a trainer in the Supervision/Management Skills for Court Clerks
Program. Coordinated and effectuated training of all Court Clerks in Queens
County.

**COMMITTEE MEMBER**

Foreclosure Committee, Supreme Court, Kings County

**VOLUNTEER WORK**

Crisis Intervention Counselor with Sexual Assault and Violence Intervention Program at Mount
Sinai.

GRACE A. CHRISTIE
83-33 AUSTIN ST., APT. 2A
KEW GARDENS, NEW YORK 11415

March 18, 2004

Hon. Neil Firetog
Administrative Judge
Supreme Court, Kings County
360 Adams Street
Brooklyn, New York 11201

Dear Justice Firetog:

Enclosed is my application for the Chief Clerk VII position in the Supreme Court, Kings County and a copy of my resume. Thank you for your consideration.

Sincerely,

Grace A. Christie

UJ 15 (Rev. 10/98)



SUPREME COURT
KINGS COUNTY
ADMINISTRATION
04 MAR 23  PM 3:55

# STATE OF NEW YORK
# UNIFIED COURT SYSTEM

# APPLICATION   FOR   EMPLOYMENT

| Title of Position: Chief Clerk VII | Announcement #: 26403 Amended | Geographic Location of Position: Kings County |
|---|---|---|

**1.** Last Name **Christie**   First Name **Grace**   Initial **A.**

Mailing Address **83-33 Austin St. Apt. 2A**

City or Post Office **Kew Gardens,**   State **NY**   Zip Code **11415**

Telephone Number  Social Security Number 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
Home: 718-847-9383 Business: 718-643-2078

**2.** AGE: Are you at least 18 years of age?
Yes ☒ No ☐
If no, indicate your date of birth
Month _____ Day _____ Year _____

**3.** CITIZENSHIP:   Form I-9 attached ☐
Are you a citizen of the United States? Yes ☒   No ☐
If no, do you have a legal right to work in the
United States ?  Yes ☐   No ☐

| 4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN | YES | NO |
|---|---|---|
| If you answer is "YES" to any of these questions, give details on an attached sheet. | | |
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
| i. Have you ever been convicted of an offense against the law? | | X |
| ii. Have you ever forfeited bail or other collateral? | | X |
| iii. Do you now have any criminal charges pending against you? | | X |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | X |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | X |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | X |

**5.** EDUCATION

| NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received. | Degree Received. Or Expected |
|---|---|---|---|---|---|---|
| High School: Half Hollow Hills Dix Hills | Full | | Yes | Regents Diploma | | |
| College, Univ. Professional or Technical School: SUNY at Stony Brook / SUNY at Stony Brook / CUNY | Full / Part / Part | | No / No / No | Liberal Arts / Liberal Arts / Liberal Arts | 36 | |
| Other Schools or Special Courses: Nassau Community College / Mt. Sinai Hospital | Part | | No | Nursing / Crisis Intervention Counselling | 24.5 | |

*If you have a high school equivalency diploma, give number and year of issue:

**6.** EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach resume if available.)

NAME, ADDRESS AND BUSINESS OF EMPLOYER

| | WEEKLY EARNINGS | EMPLOYED FROM   TO Mo. Year  Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION (Describe the kind of work performed and supervisory experience if any) |
|---|---|---|---|---|
| See Attached Resume | | | | |
| | | | | |
| | | | | |

**7.** REMARKS: ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.

### PLEASE COMPLETE THIS AFFIRMATION

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45).

X _Grace A Christie_   3/22/04
Signature of Applicant        Date

## THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER

# Barry R. Clarke, *ESQ.*

**510 East 17th Street**
**Brooklyn, N.Y. 11226**
**(718) 856-2328**

### Education:

*Juris Doctor*, 2001* New York Law School
*B.S.*, Legal Studies, 1993 *John Jay College-C.U.N.Y

### Professional Memberships:

New York State Bar (2003)
Tribune Society
Metropolitan Black Bar Association
New York County Lawyers Association
(Civil Practice Committee)
Brooklyn Bar Association
New York State Bar Association
John Jay College of Criminal Justice Alumni Association
New York Law School Alumni Association

### Appointments:

Appointed by the Mayor (2003) to the *Mayor's Committee for the Appointment of City Marshals*

### Work Experience:

#### New York State Courts, New York City:

*New York County Civil Court:*
*1995-present*** **Deputy Clerk of County**.    Entrusted with the supervision of 300 non-judicial employees, my responsibilities include the administration of the Landlord and Tenant, Small Claims, Special Term, General Clerk's offices, and the Harlem Justice Courthouse. Assisting the Clerk of County with the budget preparation, facility and caseload management, archives, file retrieval, collection and analysis of statistics,

1

counseling, purchasing, case file coordination, and judicial assignments is incorporated in my weekly schedule. I monitor our Resource Center to ensure that books, forms and videos are current and available to self represented litigants. I ensure that there is adequate staffing of the offices and court room parts. Also, I am directly involved in the scheduling of employee training such as peace officer training, firearms re-qualification, and new employee orientation. Development of employees to be trained in *Quality Service* and surveying employees answering the phones to ensure professionalism are routine rituals. I am obliged to monitor personnel *time and leave*. I act as the court liaison for filming projects in the courthouse. Also as a liaison with in-house agencies such as Northern Manhattan Legal Services, Legal Aid, Department of Social Services, Safe Horizon, Mediation, Human Resources Administration, Municipal Archives, DASNY, and DCAS, I have a full scope of knowledge of the workings of these supporting agencies. I respond to inquiries from organizations such as the Bar Association, Mayor's, State Senator and NYC Assembly offices. Assisting the outreach coordinator in planning and organizing programs to inform the public of court services and being directly responsible for responding to public inquiries and complaints, I am skilled in public interfacing. To ensure that there is efficient operating elevators, heating, air conditioning, plumbing, electrical supply and the cleanliness of the facility, I interact daily with DCAS and the building engineer. I am an active participant of the facilities inspection team consisting of OCA, DCAS, the Mayor's office and the NYC office of Management and Budget. I take special pride in being the ADA representative for the building and handling all ADA issues pertaining to New York County Civil Court. I am accountable for the caseload management of a court which averages 150,000 filings per year and approximately 100,000 other proceedings.

*Queens County Civil Court: Landlord and Tenant Office*
1994-1995**Principal Court Clerk**.     I was the supervisor of sixty employees. My responsibilities included the administration of the intake and management of cases involving Landlord and Tenant issues. I assigned work responsibilities to employees; established office priorities and deadlines for completion of the work. I conducted employee performance evaluations and counseling sessions. I interacted closely with the housing court judges and administrative personnel in implementing procedures to ensure compliance with the landlord and tenant laws.

*Kings County Civil Court: General Clerk's Office*
1989-1994**Associate Court Clerk**.     I was responsible for the supervision of twenty to thirty employees. I was directly involved in implementing and carrying out civil court caseload management and procedures.  I supervised the calendaring of civil court cases, the preparation of judgments, certifications, exemplifications, transcripts, infant compromises, name changes, and satisfaction of judgments.

*New York County Supreme Civil Court: Ex-Parte office*
1988-1989**Court Clerk.**  I was assigned to the ex-parte motion office. My duties involved the review of papers including name changes, infant compromises, mechanic liens, orders to show causes, restraining orders etc. prior to submission to the assigned judge.

*New York County Supreme Civil Court:*
1986-1988**Court Officer** My responsibilities included security in and around the courthouse.

*Triborough Bridge and Tunnel Authority:*
**1978-1986**Officer** My duties included the patrol of bridges, tunnels, and toll plazas, collection of tolls, receipt of daily funds, scheduling of officers, maintaining and updating of employee files, timekeeping responsibilities, and customer relations.

### Community Activities

Member of the Flatbush-Tompkins Congregational Church
*Board of Trustees*
*Sunday school teacher*

### Interests:

Reading, travel, basketball, tennis and youth mentoring.

### References available upon request

UCS-5 (Rev. 10/98)



SUPREME COURT
KINGS COUNTY
ADMINISTRATION
04 MAR 17 PM 5

# STATE OF NEW YORK
# UNIFIED COURT SYSTEM

# APPLICATION FOR EMPLOYMENT

| Title of Position: CHIEF CLERK VII | Announcement #: 25405 | Geographic Location of Position: SUPREME COURT, KINGS COUNTY |
|---|---|---|

**1.** Last Name **CLARKE**   First Name **BARRY**   Initial **R**

Mailing Address **510 EAST 17TH STREET**

City or Post Office **BROOKLYN**   State **N.Y**   Zip Code **11226**

Telephone Number Home **(718) 856-1338**   Business **(212) 374-8133**   Social Security Number

**2. AGE:** Are you at least 18 years of age?
Yes ☒ No ☐
If no, indicate your date of birth
Month ___ Day ___ Year ___

**3. CITIZENSHIP:**   Form I-9 attached ☐
Are you a citizen of the United States? Yes ☒ No ☐
If no, do you have a legal right to work in the United States? Yes ☐ No ☐

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If you answer "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
| i. Have you ever been convicted of an offense against the law? | | ☒ |
| ii. Have you ever forfeited bail or other collateral? | | ☒ |
| iii. Do you now have any criminal charges pending against you? | | ☒ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ☒ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ☒ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ☒ |

**5. EDUCATION**

| | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School* | SAMUEL J. TILDEN | FULL | | YES | | | |
| College, Univ. Professional or Technical School | JOHN JAY COLLEGE NY CITY | PT | 6 | YES | LEGAL STUDIES | 128 | RECEIVED |
| Other Schools or Special Courses | NY LAW SCHOOL | PT | 4 | YES | LAW | | JURIS DOCTOR |

*If you have a high school equivalency diploma, give number and year of issue:

**6. EXPERIENCE** (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.)

| NAME, ADDRESS AND BUSINESS OF EMPLOYER | WEEKLY EARNINGS | EMPLOYED FROM Mo. Year | EMPLOYED TO Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| NYS CIVIL COURT, NY COUNTY | --- | 9/95 | PRESENT | | DEPUTY CLERK OF COUNTY |
| NYS CIVIL COURT, QUEENS COUNTY | | 11/94 | 9/95 | PROMOTION | PRINCIPAL COURT CLERK SUPERVISED LANDLORD-TENANT OFFICE |
| NYS CIVIL COURT, KINGS COUNTY | | 1/89 | 11/94 | PROMOTION | ASSOCIATE COURT CLERK SUPERVISED GENERAL CLERK OFFICE |
| NYS SUPREME COURT, NY COUNTY | | 4/88 | 1/89 | PROMOTION | SR. COURT CLERK EX PARTE OFFICE |
| NYS SUPREME COURT, NY COUNTY | | 1/86 | 4/88 | PROMOTION | SR. COURT OFFICER SECURITY |

**7. REMARKS:** ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.

**PLEASE COMPLETE THIS AFFIRMATION**

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45).

Signature of Applicant: *Barry Clarke*

Date: 3.10.04

## THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER

# JOHN V. COSTELLO
7825 4th Avenue, Apt. D10
Brooklyn, New York 11209
718-759-1137

**OBJECTIVE:**       To assume a position of major responsibility as a Chief Clerk for the Supreme
                     Court of the State of New York.

**EMPLOYMENT:**

2002 - Present       **CASE MANAGEMENT COORDINATOR**
                     **Brooklyn Supreme Court**

                     Assigned to the office for ex-parte applications. Assistant Supervisor to the Court
                     Clerk Specialist. Review orders to show cause, ex-parte orders, judgments of
                     foreclosure, orders of reference, writs of assistance, and settled orders on notice.

2000 - Present       **DIFFERENTIATED CASE MANAGEMENT TRACKING COORDINATOR**
                     **Brooklyn Supreme Court**

                     Assigned to the DCM office. Responsible for implementation of new case tracking
                     system.

1999 - 2000          **PRINCIPAL COURT CLERK**
                     **Brooklyn Supreme Court**

                     Assigned to the matrimonial complex. Review orders and judgements of divorce.

1998 - 1999          **PRINCIPAL COURT CLERK**
                     **Brooklyn Criminal Court**

                     Supervisor of domestic violence complex. Supervised Senior Court Clerks and
                     Court Assistant for two all purpose criminal parts and program compliance parts.

1996 - 1998          **PRINCIPAL COURT CLERK**
                     **New York Criminal Court**

                     Supervisor of 35 employee summons part. Acted as liaison of the chief clerk and
                     administrative judge for the summons court parts.

1995 - 1996          **ASSOCIATE COURT CLERK**
                     **Brooklyn Supreme Court**

                     Assigned to city trial assignments part and motion support office. Part clerk and
                     processing of all civil motions filed in Supreme Court.

1986 - 1995          **ASSOCIATE COURT CLERK**
                     **Staten Island Supreme Court**

                     Calendar clerk for civil term. Processed all papers in the initiation of civil cases,
                     such as requests for judicial interventions, uncontested and contested matrimonials,
                     torts, foreclosures, and medical malpractice.

1986 - 1990          **SENIOR COURT CLERK**
                     **Staten Island Supreme Court**

                     Assigned to criminal team under Judge Norman J. Felig. Handled arraignments,
                     all-purpose calendar, motions, trials, VOP etc.

John V. Costello

1985 - 1986       **SENIOR COURT CLERK**
**New York Supreme Court**

Assigned to civil term under Judge Irving Kirschenbaum. Part clerk for the trial term.

1981 - 1985       **SENIOR COURT CLERK**
**New York Supreme Court**

Assigned to criminal term Part 48 under Judge Herman Cahn. Part clerk for the trial term.

1977 - 1981       **SENIOR COURT OFFICER**
**New York Supreme Court**

Worked in the Trial Assignment Part under the Honorable Louis Kaplan in the Civil Term.

1974 - 1977       **UNIFORMED COURT OFFICER**
**Brooklyn Criminal Court**

Worked in all purpose parts.

1972 - 1974       **CLAIMS EXAMINER**
**New York Life Insurance Company**, New York, NY

Worked in group claims under supervision of district claims manager.

**EDUCATION:**

1968 - 1972       **B.A. FRENCH LITERATURE**
**Niagara University**, Niagara Falls, NY

Graduated Cum Laude. Member of Delta Epsilon Sigma, the National Honor Society for Catholic Universities and Colleges.

**MEMBERSHIPS:**

Knights of Columbus, Ancient Order of Hibernians

Catholic Court Attaches' Guild

**REFERENCES:**

Available upon request.



SUPREME COURT
KINGS COUNTY
ADMINISTRATIVE STATE OF NEW YORK
04 MAR | UNIFIED COURT SYSTEM

# APPLICATION FOR EMPLOYMENT

| Title of Position: CHIEF CONE UII | Announcement #: # 26403 | Geographic Location of Position: SUPREME COURT KING COUNTY |
|---|---|---|

| 1. Last Name COSTELLO | First Name JOHN | Initial V | 2. AGE: Are you at least 18 years of age? Yes ☑ No ☐ |
|---|---|---|---|

Mailing Address
7825 4TH AVE #DT6

| City or Post Office BROOKLYN | State NY | Zip Code 11209 |
|---|---|---|

If no, indicate your date of birth
Month ___ Day ___ Year ___

Telephone Number 643-5792
Home 759-1137   Business: 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  Social Security Number

3. CITIZENSHIP:                          Form I-9 attached ☐
Are you a citizen of the United States? Yes ☑ No ☐
If no, do you have a legal right to work in the United States ? Yes ☐   No ☐

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If you answer is "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: i. Have you ever been convicted of an offense against the law? | | ✓ |
| ii. Have you ever forfeited bail or other collateral? | | ✓ |
| iii. Do you now have any criminal charges pending against you? | | ✓ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ✓ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ✓ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ✓ |

| 5. EDUCATION | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | AUGUSTINIAN ACADEMY | | | YES | ACADEMIC | | |
| College, Univ. Professional or Technical School | NIAGARA UNIVERSITY | Full | | YES | FINANCE | 132 | |
| Other Schools or Special Courses | | | | | | | |

**If you have a high school equivalency diploma, give number and year of issue:

| 6. EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.) NAME, ADDRESS AND BUSINESS OF EMPLOYER | WEEKLY EARNINGS | EMPLOYED | | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| | | FROM Mo. Year | TO Mo. Year | | |
| DFY BROWN | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**7. REMARKS: ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.**

**PLEASE COMPLETE THIS AFFIRMATION**
I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45).

x _____
Signature of Applicant

3-15-04
Date

**THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER**

# GEORGE W. CROWLEY JR.

*22 Wilton Drive*                                          H 201-818-2858
*Allendale, New Jersey*                                    W718-643-5324

**OBJECTIVE:**   TO OBTAIN A POSITION IN COURT ADMINISTRATION GIVING ME THE OPPORTUNITY TO
UTILIZE MY ADMINISTRATIVE SKILL.

**EXPERIENCE:**

CHIEF CLERK IAS PARTS 74, 77                     OCTOBER 2003-PRESENT
*Supreme Court Kings County*                           *Brooklyn, NY 11201*

- Supervise the administration of all Mental Hygiene Part matters for Kings County
- Supervise the administration of all Condemnation and Tax Certiorari matters for Kings and Richmond Counties.

CHIEF CLERK IAS 74, 76, 79                       NOVEMBER 2000-OCT. 2003
*Supreme Court Kings County*                           *Brooklyn, NY 11201*

ACTING CHIEF CLERK IAS 74, 76, 79                      JULY 1995-NOV. 2000
*Supreme Court Kings County*                           *Brooklyn, NY 11201*

- Supervise the administration of Guardianships for Kings and Richmond counties
- Supervise the administration of Condemnation and Tax Certiorari matters for Kings and Richmond counties
- Process all final accountings on Guardianships for Kings and Richmond counties
- Supervise a staff that includes a Principal Court Clerk, subordinate court clerks and other court personnel.
- Supervise the creation and administration of Supplemental Needs trusts
- Handle complex orders and motions and research the appropriate statutes as needed.

**DEPUTY CHIEF CLERK IAS 74, 76, 79**          MARCH 1989-JULY 1995
*Supreme Court Kings County*                   *Brooklyn, NY 11201*

- Handled personnel problems
- Coordinated scheduling of attendance and assignments of court personnel
- Handled statistical reports
- Supervise the administration of Condemnation and tax Certiorari matter for Kings and Richmond counties.

**DEPUTY CHIEF CLERK IAS 72**                  AUGUST 1988-MARCH 1989
*Supreme Court Kings County*                   *Brooklyn, NY 11201*

- Handled all complicated and emergency applications
- Helped to develop an appropriate protocol for "*Right to Die*" applications

**PRINCIPAL COURT CLERK**                      APRIL 1987-AUGUST 1988
IN-CHARGE OF PART 77

- In charge of all emergency application for involuntary psychiatric hospitalization for Kings county
- Developed a protocol for all force entrance orders

**ASSOCIATE COURT CLERK**                      APRIL 1981-APRIL 1987
*Supreme Court Kings County*                   *Brooklyn, NY 11201*

- Handled all emergency Ex-parte applications

**SENIOR COURT CLERK**                         1974-1981
*Manhattan Supreme Court*                      *New York, NY 10013*

- Acted as a trial term part clerk
- In charge of a conference and assignment part term (precursor to I.A.S.)

**EDUCATION**

**B.B.A.**                                     1973
*Lubin School of Business, Pace University*    *New York, NY*

UCS-5 (Rev. 10/98)



# STATE OF NEW YORK
# UNIFIED COURT SYSTEM

# APPLICATION FOR EMPLOYMENT

| Title of Position: Chief Clerk VII | Announcement #: 26403 Amended | Geographic Location of Position: Kings County Supreme Court |
|---|---|---|

| Last Name, First Name, Initial | 2. AGE: Are you at least 18 years of age? Yes ☑ No ☐ |
|---|---|
| Crowley, Jr. George W. | If no, indicate your date of birth |
| Mailing Address: 22 Wilton Drive | Month        Day        Year |

| City or Post Office | State | Zip Code |
|---|---|---|
| Allendale | NJ | 07401 |

3. CITIZENSHIP:                                Form I-9 attached ☐
Are you a citizen of the United States?  Yes ☑   No ☐
If no, do you have a legal right to work in the
United States?  Yes ☐   No ☐

Telephone Number
Home (201)818-3858  Business: (718)643-5324
Social Security Number: 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

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If you answer is "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
| i. Have you ever been convicted of an offense against the law? | | ✓ |
| ii. Have you ever forfeited bail or other collateral? | | ✓ |
| iii. Do you now have any criminal charges pending against you? | | ✓ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ✓ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ✓ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ✓ |

| 5. EDUCATION | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | | 4 yrs | 4 | Yes | academic | | |
| College, Univ. Professional or Technical School | Pace University | Part time | 4 | Yes | Business | 128 | BBA |
| Other Schools or Special Courses | St. John's University | Full Time | 2 | No | Business | 50 | |

*If you have a high school equivalency diploma, give number and year of issue:

| 6. EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.) NAME, ADDRESS AND BUSINESS OF EMPLOYER. | WEEKLY EARNINGS | EMPLOYED | | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| | | FROM Mo. Year | TO Mo. Year | | |
| See Resume annexed | | | | | |
| | | | | | |
| | | | | | |

**7. REMARKS: ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.**

**PLEASE COMPLETE THIS AFFIRMATION**

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45)

x _George W. Crowley Jr._                    3/23/04
Signature of Applicant                            Date

2004 MAR 24 PM 2:07
ADMINISTRATION
KINGS COUNTY

THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER

SUPREME COURT
KINGS COUNTY
ADMINISTRATION

# PAUL J. KENNY

445 Beach 128th Street, Belle Harbor, New York 11694 04 MAR 22 PM 4: 59
(718) 634-0214/home
(718)643-7845/work

## LEGAL EXPERIENCE

### Deputy Chief Court Attorney, *Kings County Supreme Court*

Responsible for the supervision of 25 Court Attorneys in the Kings County Supreme Court Law Department; policy development and administration of the operations of the Law Department; supervise drafting of judicial opinions; train new Court Attorneys and arrange for continuing education of all Court Attorneys (March 1999-present).

### Court Attorney-Referee, *Kings County Supreme Court*

Designated by Chief Administrative Judge as Special Referee to determine issues in matrimonial actions; research and analyze complex legal issues raised in civil and criminal proceedings; write confidential legal memoranda and confidential opinions; confer with judges, law secretaries, and attorneys on unusual or complex matters; hear and report on primary election proceedings (1992-1999).

**Supervising Referee (Election Matters),** Assigned to act as supervisor of Special Referees appointed by Administrative Judge to hear and report on nominating petitions in primary election proceedings (1995-present).

### Arbitrator, *New York City Civil Court, Staten Island, New York*

Conduct hearings and render decisions in Civil Court proceedings in Small Claims Part and Commercial Claims Part up to jurisdictional limit pursuant to Small Claims Act (1992-present).

### Mediator/Early Neutral Evaluator, *US District Court, Eastern District, NY*

Appointed to serve as mediator/neutral evaluator in complex civil litigations in Federal District Court (1996-present).

### Attorney-at Law, *of Counsel to William J. Breuer, Ridgewood, New York*

Private general law practice with concentration in matrimonial/family law, real estate, trusts and estates, criminal and civil litigation, landlord/tenant; member of the Assigned Counsel Panel (18b), Second Department (1988-1992).

**Co-counsel to New York State Court Officer's Association,** representation of Association and its members in wide variety of legal matters including disciplinary and grievance proceedings, real estate transactions, estate planning, criminal defense, family law and application of collective bargaining agreement (1988-1992).

### Court Attorney, *New York City Criminal Court, Bronx, New York*

Drafted decision for Judges of the Criminal Court; researched and drafted legal memoranda; prepared jury charges; trained Court Attorneys and reviewed their work (1986-1988).

## TEACHING EXPERIENCE

### Adjunct Associate Professor, *New York City Technical College, Brooklyn, New York*

Teaching undergraduate courses in Legal Assistant Studies Department, including *Legal Research and Writing, Civil Law and Procedure, and Trial Preparation* (1996-present).

**Instructor,** *Lehman College, Bronx, New York*
> Taught legal research and writing at ABA-approved paralegal studies program and currently sit on the Advisory Board (1992-1996).

**Adjunct Professor of Law,** *CUNY Law School, Flushing, New York*
> Taught and developed curriculum for summer legal writing and analysis course; reviewed and evaluated student work product (Summer 1986).

## EDUCATION

**Juris Doctor,** CUNY Law School, June, 1986
> Honors: Writing Instructor, 1986

**Bachelor of Arts,** (Psychology) SUNY at Stony Brook
> Honors: Dean's List; Teaching Assistant

## PUBLICATIONS

***Recovered Memory and Statute of Limitations,*** New York Law Journal, June 23, 1995, at 1, col 1 (Outside counsel column with Howard L. Wieder).

***Election Law Handbook,*** Responsible for updating and editing handbook for use by Presiding Election Justice and special referees in election matters since 1996.

## BAR ADMISSIONS

New York (1987)
**Florida**    (1996)
**United States Supreme Court** (1992)
**United States District Court (Southern and Eastern Districts)** (1988).

## PROFESSIONAL ASSOCIATIONS

- President, Court Attorneys Association of the City of New York (1999-2001)
- Member, Catholic Lawyers Guild
- Counsel, Holy Name Society, New York City Police Department
- Member, The Celts
- Member, Cervantes Society
- Member, NYS Bar Association State Courts Committee

March 22, 2004

Honorable Neil Jon Firetog
Administrative Judge
Second Judicial District Supreme Court
360 Adams Street
Brooklyn, New York 11201

Dear Justice Firetog:

Please consider the enclosed resume as my application for the position of Chief Clerk VII.

I look forward to the opportunity to discuss my qualifications with you and the interview panel.

Very truly yours,

Paul Kenny
Deputy Chief Court Attorney
Kings County Supreme Court
(718) 643-7845

# GEORGE F. KING

# RESUME

POSITION DESIRED: CHIEF CLERK VII
Announcement No. 26403 (amended)

George F. King
court clerk-specialist
Kings Supreme Court-civil term
(718) 643-4220
(718) 243-2281

George F. King

**April 2001-Present**
# COURT CLERK SPECIALIST

Current Responsibility: OVERSEES OPERATION OF:
- MOTION SUPPORT
- TRIAL SUPPORT
- SUBPOENA RECORDS UNIT

## MOTION SUPPORT
- Initiate procedure for scheduling of Preliminary Conferences
- Evaluates and oversees processing of motions, cross-motions and petitions
- Oversees processing of orders and judgements generated during courtroom operation
- Update personnel as regards new laws and procedures
- Liaisons with counsel, courtroom personnel and the general public

## TRIAL SUPPORT
- Oversee and processes work product from **fifty** courtroom operations
- Assign and manage courtroom clerk personnel
- Evaluate, assign and monitor court clerks
- Liaisons with judges, chambers staff, courtroom personnel, counsel and general public

## SUBPOENA RECORDS UNIT
- Evaluate, approve and validate subpoenas duces tecum
- Monitor record acquisition, data input, distribution, retrieval and purging
- Coordinate with courtroom personnel, counsel, agencies, and general public

George F. King

Spring 1999-April 2001
## DCM TRACK COORDINATOR (CASE MANAGEMENT COORDINATOR)

Oversee the management of the case inventory of six (6) Supreme Court Justices
Mediate discovery disputes among counsel/parties
Liaison between parties and Supreme Court Justices
Significantly contributed to operation of Kings Supreme Differentiated Case Management Department

- Developed computer techniques, reports and notices appropriate for task completion
- Submitted recommendations to significantly streamline operation (i.e. authored critical portion of a computer cut-and-paste technique from CCIS and CCMS, incorporating appropriate data sort orders, thereby greatly improving case distribution
- Instrumental in the training of all DCM Track Coordinators (computer procedure as well as operational)
- Continuously train and evaluate subordinate part clerks' performance, emphasizing positive reinforcement and team concept

## George F. King

Fall 1994-Spring 1999    **PRINCIPAL COURT CLERK**, Kings Supreme Court-Civil Term

Assistant supervisor-matrimonial term
- evaluated contested and uncontested matrimonial orders and judgements
- perused ex parte applications, including poor person request applications, orders to show cause, etc. for correctness and completeness and compliance with laws and procedures
- communicated with Supreme Court Justices, attorneys and self-represented litigants

Served as acting supervisor for eleven (11) months, during which period
- **supervised entire matrimonial operation** (clerks, clerical support staff and uniform security personnel)
- delegated work assignments
- monitored and evaluated personnel performance
- **encouraged and praised contributions** by subordinate teammates
- **developed and implemented streamlining of procedures** (i.e. relevant to managing defective uncontested divorce papers, thereby aiding the self-represented and incarcerated individuals)
- as acting supervisor of matrimonial, **voluntarily worked long hours,** including late evening and weekends to address any backlog which occurred while the department was understaffed
- as acting supervisor, continued to perform full duties of **Principal Court Clerk and the full duties of Court Clerk-Specialist** in the department

Received superior performance evaluations from Chief Clerk Thomas Kilfoyle
Awarded Kings Supreme *Employee of the Month Award,* which was personally presented by the Honorable Jacqueline Silbermann, N.Y.S. Administrative Judge for Matrimonial Matters

Note: After promoting to DCM track coordinator, I was periodically requested by Chief Clerk Thomas Kilfoyle to return to the Matrimonial Term to personally manage any backlog that subsequently developed under the succeeding matrimonial supervisor. I further streamlined the correspondence procedures for the self-represented.

Spring 1990-Fall 1994        **ASSOCIATE COURT CLERK**, New York Supreme Court-Criminal Term

Part Clerk
Coordinated jury selection and managed court operations, including trials
Served as an instructor of workforce diversity seminar
served as an instructor of public awareness seminar

## George F. King

Spring 1985 to Spring 1990

### SENIOR COURT CLERK

Part Clerk
Assistant supervisor of the Petitions Division
- In high volume department with large number of self-represented litigants with multiple needs, successfully performed duties
- communicated with appropriate agencies
- participated in the training of subordinate personnel

Spring 1983 to Spring 1985

### UNIFORMED COURT OFFICER

Security personnel
N.Y.S. peace officer
Received training in security, self-defense, firearms and cardio-pulmonary resuscitation

Education
City College of New York
Brooklyn Technical High School

Computer Skills
Windows 2000, NT, XP
Corel Wordperfect and Microsoft Word
Utilize Case Management and CCIS database extensively
Utilize Corel Quattro Pro for data manipulation
Powerpoint and Corel Presentations

Affiliations and Commendations
- Kings Supreme Court "Employee of the Month"
- N.Y.S. Supreme and County Court Clerk Association member
- Tribune Society Merit Awardee
- Executive board member of the Federation of African-American Civil Service Organizations

## GEORGE F. KING

- DIVERSE COURT EXPERIENCE WITH EXTENSIVE SUPERVISORY EXPERIENCE

- HELD POSITIONS IN FAMILY COURT , SUPREME COURT, IN BOTH CIVIL AND CRIMINAL TERMS

- PROMOTED FROM COURT OFFICER THROUGH THE RANKS TO SENIOR, ASSOCIATE AND PRINCIPAL COURT CLERK, BY COMPETITIVE EXAMINATION

- RECEIVED SUPERIOR PERFORMANCE EVALUATIONS

- AWARDED KINGS SUPREME EMPLOYEE OF THE MONTH AWARD

- APPOINTED TO POSITION OF DIFFERENTIATED CASE MANAGEMENT (DCM) TRACK COORDINATOR

- INSTRUCTOR FOR WORKFORCE DIVERSITY, PUBLIC AWARENESS, TRAIN-A-TRAINER PROGRAM AND COURT CLERK EXAMINATION PREPARATION BY INDIVIDUAL AND GROUP INSTRUCTION

- APPOINTED TO COURT CLERK SPECIALIST- OVERSEEING CENTRAL COURT OPERATION IN KINGS SUPREME COURT

- COMMITTED TO THE USE OF A "TEAM" CONCEPT AS A MOTIVATIONAL LEADER; FIRM BUT FAIR SUPERVISOR

- DEDICATED WORKER, UTILIZING CONTINUOUS FEEDBACK TECHNIQUES COUPLED WITH VERSATILE WORKFLOW SET-UP, WOULD STREAMLINE ANY PROCEDURE WHILE STILL ACHIEVING THE OVERALL DESIRED RESULTS

# STATE OF NEW YORK
# UNIFIED COURT SYSTEM

RECEIVED
MAR 2 6 2004
OFFICE OF THE
ADMINISTRATIVE JUDGE
SECOND JUD. DIST. ONLY

# APPLICATION FOR EMPLOYMENT

Title of Position: **Chief Clerk VII**    Announcement #: **26403 amended**    Geographic Location of Position: **Kings County**

**1.** Last Name **King**    First Name **George**    Initial **F**

Mailing Address **835 Midwood St.**

**2. AGE:** Are you at least 18 years of age?
Yes **X**  No ☐
If no, indicate your date of birth
Month    Day    Year

City or Post Office **Brooklyn**    State **NY**    Zip Code **11203**

**3. CITIZENSHIP:**    Form I-9 attached ☐
Are you a citizen of the United States? Yes **X**  No ☐
If no, do you have a legal right to work in the United States? Yes ☐  No ☐

Telephone Number **(718)243-2281**    Social Security Number
Home: **718/467-2111**    Business: **053 50 0637**

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If your answer is "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
| i. Have you ever been convicted of an offense against the law? | ✓ | |
| ii. Have you ever forfeited bail or other collateral? | | ✓ |
| iii. Do you now have any criminal charges pending against you? | | ✓ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ✓ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ✓ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ✓ |

| 5. EDUCATION | NAME OF SCHOOL, AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | Brooklyn Tech HS/N.Y.C | Full | 4 | yes | Technical/scholastic | | |
| College, Univ. Professional or Technical School | City College of New York (N.Y.C) | Full + Part time | 3 | no | math/psychology | 92 | |
| Other Schools or Special Courses | American Institute of banking N.Y.C | part time | N/A | N/A | banking/contract law | Approx 12 | |

**If you have a high school equivalency diploma, give number and year of issue:

**6. EXPERIENCE** (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.)

NAME, ADDRESS AND BUSINESS OF EMPLOYER

| | annual WEEKLY EARNINGS $(K) | EMPLOYED FROM Mo. Year | TO Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| U.C.S., 360 Adams St B'klyn NY 11201 court clerk specialist | 98 | 4/01 | present | | motion support/trial supv, incl. subpoena records unit |
| U.C.S., " case mgr./ coordinator | ≈85 | 4/99 | 4/01 | promotion | Superv. operation of 6 courtrooms |
| U.C.S./ Principal court clerk | N/A | 12/94 | 4/99 | promotion | Ass't superv, matrimonial |
| U.C.S/ 160 Gratlike NYcrim (suprame) Assoc. court Clerk | N/A | 4/90 | 12/94 | promotion | part clerk; train a trainer |
| U.C.S., 60 Lafayette NY NY NY Family Senior court Clerk HDA | N/A | 8/85 | 4/90 | promotions | court security/part clerk Ass't off. superv |

**7. REMARKS: ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.** (see attached + resume)

## PLEASE COMPLETE THIS AFFIRMATION

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45)

X **George K.**    **3/16/2004**
Signature of Applicant    Date

George King

4) Spring 1972:   criminal trespass (N.Y.C. subway); paid five dollar fine

6)
- 5/83 to 7/85 Uniformed Court Officer          Court security        promoted
       N.Y. N.Y.
- Throughout career in the Unified Court System of New York State, voluntarily held court clerk examination preparation  seminars, at my own expense throughout N.Y.C.

- Spring 1979 to Spring 1983    National Bank of North America    Superv. -joined U.C.S.

**Roderick E. Randall**
1039 Sterling Place
Brooklyn, NY 11213-2502
(718) 493-8902

**CAREER OBJECTIVE**

An administrative position working within the Unified Court System which will provide me with an opportunity to further my career while advancing the objectives of the Court.

**SUMMARY**

Twenty years experience working in various parts/departments of the Unified Court System, having acquired a working knowledge of applicable laws and court procedures while honing my communication, computer and organizational skills.

**EXPERIENCE**

**Office of Court Administration – Supreme Court, Kings County, NYC**    *Court Clerk Specialist*
360 Adams Street • Brooklyn, NY 11201    1998 to present

*Jury Coordinating Unit Department (JCP)*

Responsible for assisting in the management of the post note of issue inventory by drawing the oldest notes from the various Trial parts and having them scheduled to appear in the JCP part for a pre-trial conference. After a pre-trial conference has been held the matter, if not resolved, is scheduled for a date certain for jury selection. Upon completion of jury selection the matter is assigned to a trial judge. The number of cases scheduled vary depending upon the needs of the court.

*Differentiated Case Management Department (DCM)*

Supervisor of the Kings County DCM Pilot Project which closely monitored cases to assist in the court by expeditiously complete discovery thereby bringing the action to a trial ready status or a settlement conclusion. Some of the responsibilities included handling all communications involving court files concerning discovery schedules, scheduling of cases, attorney notifications, maintaining case histories, and mediating discovery disputes. Responsible for supervising eight Differential Case Management Intake Coordinators, subsequently reclassified Case Management Coordinators.

**Office of Court Administration – Supreme Court, Kings County, NYC**    *Senior Court Clerk*
360 Adams Street • Brooklyn, NY 11201    1986 - 1998

*Special Term Part 16 - Guardianship*

Responsible for the orderly flow/processing of Mental Hygiene Law Article 81 applications. A knowledge of MHL Article 81, CPLR and various other statutes and rules. Duties include the preparation of court calendar, scheduling of cases, swearing in of witnesses, maintaining custody of exhibits, keeping court minutes and the supervision of uniformed court personnel. The Part also requires the ability to communicate and obtain the cooperation of the various individuals involved in the case, analyze the complexity of the case before the court and coordinate the time required to address the issues at hand with the time schedule of the court.

### IAS Part 3 - Medical Malpractice

Responsible for scheduling medical malpractice motions, preliminary conferences and pre-trial discussions. Acted as Liaison between Jurors, Attorneys and the Court. Knowledge of various Articles of the CPLR and Court Rules required. Other responsibilities included, but were not limited to the swearing in of witnesses, polling jurors, maintaining custody of exhibits, keeping court minutes, and the supervision of uniformed court personnel. Additionally I created a PC database containing information pertaining to all of the cases assigned to the Part which allowed me to produce vital statistics at the touch of a button.

### Special Term Part 77 - Mental Hygiene

Responsible for the preparation of Mental Hygiene petitions and warrants requested by family members seeking assistance in obtaining help for emotionally disturbed or drug addicted individuals. Knowledge of various sections of the MHL and other applicable statutes were required. I helped develop a computerized form which gave Mr. Enriquez Munoz, a blind court clerk, the ability to prepare Mental Hygiene applications and warrants based upon the interview he conducted of the applicant.

### Part 5 - Matrimonial

Responsible for reviewing applications for divorce, answering procedural questions from the public and attorneys and informing them of incomplete applications. Knowledge of various sections of the DRL and other applicable statutes were required. The ability to coordinate the processing of the applications and effectuate the smooth transition from back offices to the courtroom were essential to the functioning of this department.

**Office of Court Administration - Family Court, Kings County, NYC**                    **Court Officer**
330 Adams Street - Brooklyn, NY 11201                                                              1983 - 1986
Primarily responsible in maintaining order and providing security in court buildings and courtrooms. My job was a blend of security work, public relations, law enforcement, prisoner management and clerical duties.

**EDUCATION**
City College of New York, B.A. Degree (1980)



**Roderick E. Randall**
1039 Sterling Place
Brooklyn, NY 11213-2502
(718) 493-8902



SUPREME COURT
KINGS COUNTY
ADMINISTRATION

04 MAR 29  PM 3: 55

March 24, 2004

Hon. Neil Firetog , Administrative Judge - Supreme Court, Kings County
360 Adams Street
Brooklyn, NY 11201

Hon. Justice Firetog:

Please accept this letter as amplification of the accompanied resume and application for the position of Chief Clerk VII.

The mission of the Unified Court System is to promote the rule of law, and to deal fairly and justly with every person and every matter before the court. Since coming to the Supreme Court, some eighteen years ago, I have done my best to adhere to that mission statement. The role of a court clerk is an important one, requiring the ability to obtain answers to simple and complex inquiries from the public, litigants, attorneys and judges.

As my resume indicates I have worked in various court parts during my career and my experience covers a wide range of responsibilities. Although not listed on my resume I have had some experience in the Surrogate's court. This exposure has provided me with the opportunity to meet and interact with people from various backgrounds. Over the years my interpersonal skills have improved as has my ability to analyze and solve problems.

During my career I have had to obtain the cooperation of various court personnel, attorneys and judges in the furtherance of my responsibilities. It is impossible for one individual to know everything about the operation of the courts but knowing where to go to obtain the requested information is half the battle. It is this ability to obtain the cooperation of individuals that is an essential quality of a good supervisor.

One of the most important things I have learned during my career is that people have different styles of doing things, and there must be that flexibility to allow for a little give and take, as long as a real sense of unity and purpose can be achieved.

I believe I have built up a reputation as an individual willing to lend a helping hand to anyone requesting or requiring my assistance. The opportunity to work with various people is appealing to me and the position quite desirable. I appreciate the opportunity to interview for the position.

Personal references are available upon your request.

Sincerely,
*Roderick E. Randall*
Roderick E. Randall



UCS-5 (Rev. 10/98)



RECEIVED
MAR 2 4 2004
OFFICE OF THE
ADMINISTRATIVE JUDGE
SECOND JUD. DIST.

# STATE OF NEW YORK
# UNIFIED COURT SYSTEM

# APPLICATION FOR EMPLOYMENT

| Title of Position: Chief Clerk VII | Announcement #: 26403 Amended | Geographic Location of Position: Kings County Supreme Court |
|---|---|---|

| 1. Last Name Randall   First Name Roderick   Initial E. | 2. AGE: Are you at least 18 years of age? Yes ☑ No ☐ |
|---|---|

Mailing Address
1039 Sterling Place

If no, indicate your date of birth
Month 07   Day 18   Year 1958

City or Post Office   Brooklyn   State N.Y.   Zip Code 11213-2502

3. CITIZENSHIP:   Form I-9 attached ☐
Are you a citizen of the United States? Yes ☑  No ☐
If no, do you have a legal right to work in the United States? Yes ☐  No ☐

Telephone Number   Social Security Number
Home: 718-493-9702   Business: 718-643-3241   115:66-3113

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If you answer is "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
| i. Have you ever been convicted of an offense against the law? | | X |
| ii. Have you ever forfeited bail or other collateral? | | X |
| iii. Do you now have any criminal charges pending against you? | | X |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | X |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | X |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | X |

| 5. EDUCATION | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | Brooklyn Technical H.S. | Full | 4 | YES | Electrical | | |
| College, Univ. Professional or Technical School | City College of N.Y. | Part | 4 | YES | Computer Science Liberal Arts | | B.A. |
| Other Schools or Special Courses | | | | | | | |

* If you have a high school equivalency diploma, give number and year of issue:

| 6. EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.) NAME, ADDRESS AND BUSINESS OF EMPLOYER | WEEKLY EARNINGS | EMPLOYED FROM Mo. Year | TO Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| Kings Supreme Court · 360 Adams St. · OCA | | | | N/A | Court Clerk Specialist |
| Kings Supreme Court · 360 Adams St. · OCA | | 1986 | | Promotion | Senior Court Clerk |
| Kings Family Court · 283 Adams St · OCA | | 1983 | 1986 | Promotion | Court Officer |

**7. REMARKS: ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.** (See Add'l Sheet)

## PLEASE COMPLETE THIS AFFIRMATION

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law (§210.45)

x _Roderick E. Randall_
Signature of Applicant

_March 24, 2004_
Date

## THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER

Pablo G. Rivera
62 Newberry Ave , Apt. 4 H
Staten Island, New York 10304
718-668-0991
Privera@courts.state.ny.us -212-748-5306

## Professional Experience

New York State Litigation Coordination Panel                    2002 - Present

### Clerk of the Panel
*Duties:*
♦       Receive and review applications to the panel for coordination of multi-district related litigation pending in the New York State Supreme Courts and Federal Courts, for the purpose of consolidating pre-trial proceedings before one court.
♦       Arrange for distribution and notification of motions, papers and other submissions to the Presiding Justice, Panel Justices of the other 3 Judicial Departments, Justices presiding over cases in the individual districts, and attorneys .
♦       Preparation of short memos to the Panel Justices describing the litigation which is being requested to be coordinated.
♦       Preparation and distribution of briefing schedules to all litigants and Justices.
♦       Coordinate statewide Tele-conferences and hearings for oral arguments.
♦       Assign file numbers, keep records, record and distribute decisions and orders.

### Significant achievements include:
♦       Contributed to the development of rules, forms and procedures for this newly created panel.

Commercial Division of the Supreme Court, New York County          1996–Present

### Clerk -in Charge (Court Clerk Specialist), Commercial Division Support Office
♦       Supervision and oversight of staff and staff attorney, operations and programs administered by the Commercial Division and its six court parts; including but not limited to: review and interpretation of complex legal forms, pleadings  and documents.
♦       Legal research, review of ex-parte applications, motions and proposed orders for form, content and compliance with the court's directives or decisions, correspondence with court and external agencies, law firms, law enforcement, schools, media and the public.
♦       Record keeping, budget input, time and leave reviews, keeping equipment maintenance schedules up to date, statistical compilation and analysis, information systems updating, personnel evaluation reviews, administration and oversight of the Division's Alternate Dispute Resolution Program, deployment of personnel, scheduling and assignments.

♦       Hosting visiting international judicial scholars and non-judicial personnel. Assisting them with suggestions for the formation of Commercial Courts in their countries and assisting State Court officials with the "start-up"procedures for newly formed Commercial Divisions in various New York State counties.

## Pablo G. Rivera

♦ Employee relations, education and training of court personnel, the local bar and other groups. Development of software for Commercial Division's *Case Management Program*, participating in various court pilot programs (Electronic Filing), appearing either as a panelist, speaker or moderator in various court, school or bar or bar association sponsored C.L.E. programs, contributed to the development of several court operations manuals and presently serve on various court and bar association committees.

**Significant Achievements :**
♦ Participated in the evolution of a newly formed division, formulating and developing working relationships with the bench, bar and public that have served as a model for this and other courts around the world.
♦ Involved in the pioneering of the posting of entered decisions on- line and publications that publish decisions of interest made by all Commercial Justices in the state. These are available to all, either in hard copy or electronically.

### New York County Clerk's Office                                    1993-1996

#### Principal Court Clerk and Chief Judgment Clerk
*Main Duties Include:*
♦ Supervision of the unit that is responsible for the entry of money and equity judgments, either pursuant to court order or CPLR §3215.
♦ Assisting the Chief Clerk in resolving employee issues and supervision problems that may arise with the over 75 employees assigned to the office.
♦ Training and education of new employees.

**Significant Achievements:**
♦ Consolidation of several unit functions and increasing efficiency.
♦ Improving the overall operation of the Law & Equity section.
♦ Mending the relationship between the court staff and the bar and members of the public, by use of new management techniques.

### Kings County Family Court                                         1988-93

#### Associate Court Clerk and Petitions and Parts Division Supervisor
*Responsible for:*
♦ Oversight of both these units. The Petitions Division is responsible for the preparation and scheduling of petitions of almost all Family Court case types, including Guardianship, Child Protective Proceedings and Adoptions. This operation is almost 95% pro-se litigant driven, including prisoner applications.
♦ Parts Division duties include: making of clerk courtroom assignments, processing units(orders) staffing, and interpreter assignments.

**Significant Achievements:**
♦ Consulted and assisted in the development and implementation of the Family Court Automation Project.
♦ Developed and implemented Kings County Family Court's IAS protocols.
♦ Instrumental in securing larger and more suitable quarters for the Petitions Division, resulting in increased productivity and a marked decrease in absentee rates.

**Pablo G. Rivera**

**Kings County Family Court**                                          **1985-1988**

### Senior Court Clerk
*Duties:*
♦        Courtroom Management
♦        supervision of courtroom staff
♦        scheduling, record keeping, statistical reporting, production of prisoners

*Significant Achievements:*
♦        Assigned as part clerk to the Administrative Judge in the Child Abuse/Designated Felony
         Part and Special Term 5 of the Supreme Court(matrimonial)
♦

**Richmond County Family Court**
                                          *1983-1985*

### Court Officer-in Charge (SCO eligible)
*Duties:*
♦        Supervision of Uniformed Court Officers
♦        Responsible for judicial, staff and facility security and deployment of security personnel.
♦        Prisoner transport and firearm safety and training. Inspection of safety and security
         equipment.
♦        Unit training officer.

**Significant Achievements:**
♦        Revamped security and safety procedures, required daily building inspections including
         outer perimeters.
♦        Created security and safety inspection reporting system and forms

**Kings County Family Court**                                          **1981-1983**

### Uniformed Court Officer
*Duties:*
♦        Judicial and building security, calendar preparation and posting, prisoner transport, swearing
         of witnesses.

*Achievements:*
♦        Assistant training officer
♦        NYS Uniformed Court Officer Association delegate
♦        Decorated for heroism.

**Prospect Hospital, Bronx , New York**
**1973-1981**

### Admitting Clerk/ Patients Accounts Manager
*Duties:*
♦        Processing of inpatient admissions, scheduling, preparation of medical/surgical consents,
♦        Pre-admission interviews.
♦        Conducted insurance investigations, reviewed and worked on patients accounts.
♦        Accounts Receivable control, credit and collection.

### Pablo G. Rivera

**Significant Achievements:**

◆    Reduced Accounts Receivable by substantial amounts.

**Education:**

Bronx High School of Science   *1969*
Elizabeth Seton College - A.A.S.- Legal Studies and Paralegal Certification   *1980*
Awarded the *Bailey Seton Medal for Academic Excellence*
Fordham University- BA -Political Science *1986*
*National Dean's List*
Fordham University/ SUNY Albany- MA level course work- Court Management *1986-88*
All phases of UCS offered training, from Bias Reporting to Management and Performance
Evaluation instruction. Certified UCS Clerk trainer.

**Military:**

Lieutenant Colonel, New York State Guard                           **1988-Presently on**
Civil Affairs Unit                                                              **State Reserve List**
Operations Officer
C.L.E. Administrator (JAG)

**Affiliations:**

◆    Association of the Bar of the City of New York- ADR Administrator's Committee.
◆    New York City County Lawyers Association / Practising Law Institute - C.L.E. panelist and
     moderator.
◆    First Vice President-New York State Supreme and County Court Clerk's Association.
◆    Member, UCS Anti-Discrimination Panel
◆    Cub Scout Pack 85, Staten Island, New York
◆    Castleton Moravian Church, Staten Island, NY- *Kids Praise* - Ecumenical children's musical
     theater group.
◆    New York Guard Association-Military Fraternal Association

**Language skills:** Fluent in Spanish, written and spoken

**\*References will be submitted under separate cover or hand delivered.\***

SUPREME COURT
KINGS COUNTY
ADMINISTRATION

March. 23, 2004 MAR 29  AM 8: 53

Pablo Rivera
Court Clerk Specialist
Commercial Division
Supreme Court, NY County
60 Centre Street, Rm.148
New York, New York10007

Honorable Neil Firetog
Administrative Judge
Supreme Court, Kings County
360 Adams Street
Brooklyn, New York 11201

RE: Announcement number 26403
    Chief Clerk VII

Dear Judge:

I am writing in reference to the announced position of Chief Clerk VII in your courthouse, and would appreciate your serious consideration of my qualifications. I have more than twenty-four years of operational and administrative experience in the court system, on almost every level. As you will see by my resume, they have not been idle years, but at all times I have tried to learn more about the job. What I learn, I try to teach to others. My management style is simple, yet complex. I believe that every employee should know everything the boss knows. By this I mean that if it is possible to disseminate as much knowledge and information about court operations to the staff, then derivatively, one's job is made easier as a manager. When you give the staff the tools to operate on a level that is based on knowledge not "folklore," or my favorite, " . . . That's the way we always did it . . . ," then things flow more smoothly.

I understand that this "theory" may seem rather simplistic. However, I am cognizant of the mitigating and aggravating factors that may or may not be under one's control as a manager or executive. For example, budget constraints, space or other facility problems. Employee relations offer some modicum of hope, that is, hope that you may be able to get employees to rise to different tasks. When people are treated with respect and dignity, you may get their "attention," if not their cooperation. I hope to be that person that gets their and your "attention."

Respectfully,
Pablo Rivera

# New Court Developments

A recent discussion with Pablo Rivera, clerk in charge of the New York County Commercial Division, turned up several new developments that courts will surely highlight here.

## E-Filing

The Commercial Division continues to be a leader in experimenting with judicial reforms aimed at making litigation more efficient. One such area has been the Commercial Division's implementation of the "Filing By Electronic Means" or "e-filing" program, which allows counsel to commence an action and file papers electronically. Although the New York County Commercial Division is a pilot venue for electronic filing in New York State, it is expected to be continued and expanded in the future. According to Mr. Rivera, the Commercial Division is encouraging the use of e-filing in anticipation that "paperless" filing will eventually be the wave of the future.

The system is easy to learn and was modeled after the Southern District Bankruptcy Court system. The program is not intended to change most of the rules applicable to civil litigation under the CPLR and in the Commercial Division rules. However, there are some differences in filing procedures that are reflected in the regulations that have been adopted by the chief administrator for the electronic filing system. These regulations are contained in 18 NYCRR Part 202.5-b.

In order to take advantage of e-filing, an attorney admitted to practice in the State of New York, or admitted pro hac vice for an action, may register as a "Filing User" at the New York Unified Court System Internet Site (http://www.courts.state.ny.us). Even if a practitioner is not currently involved in an action that the attorney believes is appropriate for e-filing, Mr. Rivera still recommends registering as a Filing User so that you are prepared for when you do choose to participate in the e-filing system. As Mr. Rivera put it, "It's like getting a driver's license even if you don't own a car. You never know when you are going to need to rent one or borrow one."

Mr. Rivera highlighted the many benefits of e-filing. As an initial matter, electronic filing broadens the types of actions that will be considered "commercial cases." If an action is filed electronically, the monetary threshold for commercial cases is reduced from $125,000 to $25,000, and the following types of cases that are ordinarily transferred out of the Commercial Division will be retained: (1) suits to collect professional fees; (2) cases seeking a declaratory judgment as to insurance coverage for a personal injury or property damage action; (3) proceedings to enforce a judgment regardless of the nature of the underlying case; (4) first-party insurance claims and actions by insurers to collect premiums or rescind policies; and (5) attorney malpractice actions.

## Ease and Efficiency

In addition, Mr. Rivera emphasized the ease and efficiency with which actions can be commenced and papers can be filed under the e-filing system. Papers can be filed any day and at any hour and are deemed filed when lodged with the system. This can be particularly advantageous when running against a deadline or when facing a "race to the courthouse" situation with an adversary.

Another advantage of e-filing is that the record in the action will be available for review on the Web at any time, affording an attorney the option to work from home on the weekend or while on vacation, as long as an attorney has

Continued on page 30

NEW YORK LAW JOURNAL

Thursday, June 13, 2002

# COMMERCIAL DIVISION ROUNDUP

Continued from page 5

access to the Web, the practitioner would have the ability to review any documents that have been filed in an action.

Mr. Rivera also pointed out that this is not only convenient (and certainly more convenient than sending someone to the records room), but it is also an important feature to consider it an environment where law firms are increasingly attentive to disaster recovery procedures in light of the events of Sept. 11.

Mr. Rivera also noted some of the other benefits to e-filing, including:

• The system confirms for the filer that the filing was made;

• If there is some defect with the papers, the system gives clear and prompt notice about the defect, so that a correction can be made;

• Payment of fees can be made easily by credit card;

• Notice is given to all parties whenever a filing is made in a pending case;

• There is instant notice of any court action, such as the issuance of a decision;

• Service can be made very easily and quickly using the system (after the initial service is made under the CPLR) if all parties consent; and

• Documents that require confidentiality protection can be sealed electronically.

## Coordinating Panel

The Litigation Coordinating Panel, established pursuant to §202.69 of the Uniform Rules for the Trial Courts, has issued interim procedures, dated May 29, 2002, that will govern the operation of the panel until final procedures are issued this fall. The panel, similar to the Judicial Panel on Multidistrict Litigation in the federal courts, hears applications to coordinate related actions that are pending in the courts of the Unified Court System in more than one judicial district. Although the panel does not hear exclusively commercial cases, the operations and procedures of the panel can be of particular importance to commercial practitioners.

Moreover, Justice Helen E. Freedman of the Commercial Division is the presiding justice of the panel, and it has designated Mr. Rivera to serve as clerk. Mr. Rivera advises that interested persons are urged to submit to the panel comments and suggestions regarding the interim procedures.

According to the interim procedures, there are several means by which the issue of coordination may be raised before the panel: (i) the justice before whom a related action is, or related actions are, pending or an administrative judge may raise before the panel the question of coordination of related litigation; (ii) the panel may raise the question sua sponte; or (iii) a party to a related action may apply for an order of coordination.

An application by a party must be made by motion, supported by affidavit and on notice to all parties in all matters claimed to be related. The motion should be made under the caption of the action but is returnable before the panel. A copy of the moving papers must also be submitted to the justice to whom each matter claimed to be related is assigned.

The papers must address the standards for coordination set forth in §202.69 B (3). Pursuant to §202.69 B (3), in determining whether to issue an administrative order of coordination, the panel considers, among other things, the complexity of the actions; whether common questions of fact or law exist, and the importance of such questions to the determination of the issues; the risk that coordination may unreasonably delay the progress, increase the expense, or complicate the processing of any action or otherwise prejudice a party; the risk of duplicative or inconsistent rulings, orders or judgments; the convenience of the parties, witnesses and counsel; whether coordinated discovery would be advantageous; efficient utilization of judicial resources and the facilities and personnel of the court; the manageability of a coordinated litigation; whether issues of insurance, limits on assets and potential bankruptcy can be best addressed in coordinated proceedings; and the pendency of related matters in the federal courts and in the courts of other states.

Upon filing such a motion with the clerk, the panel will issue a briefing schedule on the application and may schedule oral argument as well. Furthermore, the interim procedures provide that pending a decision on an application, the panel may issue a stay of proceedings in any or all of the actions for which coordination is sought. Absent the granting of such a stay, pretrial proceedings will continue in the related actions as directed by the assigned justice.

## Rule 19-a

Mr. Rivera also reminds practitioners that new Rule 19-a of the Commercial Division, as revised, became effective on June 1, 2002. Rule 19-a requires, upon any motion for summary judgment other than a motion pursuant to CPLR 3213, that the movant submit a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Papers opposing a motion for summary judgment other than a motion pursuant to CPLR 3213 must include a separate, short and concise statement, which sets forth the material facts as to which it is contended that there exists a genuine issue to be tried.

Practitioners should be aware that any material facts not controverted by the opponent will be deemed to be admitted for purposes of the motion. Moreover, each statement of material fact by a movant or opponent should be followed by citation to evidence submitted in support of or in opposition to the motion. Mr. Rivera also warns that the failure to submit such a statement may result in the rejection of the submission of the motion by the Commercial Division support office or in the denial of the motion by the court.

Case 1:06-cv-06722-HB-DCF   Document 23-2   Filed 03/07/08   Page 36 of 74

# Brooklyn Justices Ho
## Army War College at Se



invited Edward J. Lehner, chair
year 2000 Supreme Court conferen
the Eleventh Floor Board Room o
Civic Center building for student
staff of the United States War Colle
Thursday. The U.S. Army War Co
which was founded in 1901 by Sec
of War Elihu Root and is locat
Carlisle, Pennsylvania, is dedicated
professional development of senior
tary officers and civilians.

As part of the intensive training
to those students as part of their pr
tion to become leaders and advisors
highest policy making levels in the
States and around the world, stu
spend at least one week immersed i
ious governmental operations a
American major city and or state.

While some of the War Colleg
dents and staff were in Brooklyn le
about the operations of the judicia
tem, others were reviewing operatio
the NYC Sanitation Department,
Police and Fire Departments as w
other segments of the city governm

At War College sessions durin
year at Carlisle, national defense, m
science, responsible command an
integration of all services in join
combined operations are part of a
thorough curriculum which pr
prospective high ranking officers f

**Hon. Michael L. Pesce, Administrative Judge Second Judicial Department and Hon. Edward K. Pincus, New York State Supreme Court Justice in Board Room of N.Y. State Supreme Court, Brooklyn for Army War Conference**
*Photos by Frederick Halla*



**Court Clerk Specialist Pablo Rivera explaining Command Division Support Office operations. Rivera is Clerk-In-Charge of the New York County branch of the State Supreme Court**



**Hon. Randolph Jackson, wearing his Army War College Necktie**



Case 1:05-cv-06-22-1B-DCF    Document 14-14    Filed 08/00/2008    Page 37 of 74

# JURY POOL *N E W S*

A New York State Unified Court System publication highlighting the latest court initiatives and related new

## *Jurors Get Star Treatment a  Special Tribute*



Wynton Mars

"These folks are here because they're celebrities. I'm here to prove old folks can serve too," joked former New York City Mayor David Dinkins, speaking at a star-studded tribute to jurors held in Manhattan Supreme Court past November. Although this wasn't the first time jurors were invited to the courthouse to discuss the importance of our jury system and discuss experiences—the first of which took place in November 1994—the tribute, coming only two months after the tragic events of September 11, took on a particularly patriotic tone.

Calling jury service "the first threat to any totalitarian government," TV star Maury Povich said, "It's a little-known fact, but a very powerful one. When Hitler came to power in the 1930s in Nazi Germany, the first thing he did was abolish the jury system." "It's an absolute honor and privilege to serve," commented newspaper columnist-author Pete Hamill. "I say this as a son of immigrants who came from a place where there were no juries." Nicholas Scoppetta, former commissioner of New York City's Administration for Children's Services who was recently appointed commissioner of the city's fire department, referred to every jury trial as a "small, daily miracle of democracy," while radio personality Bruce Morrow—

Cousin Bruce said that since September the truly understand responsibility, and a privilege service is. "It's not a free ride. We have to earn the privilege, the right, to be American," he said with great feeling.

Starting off the ceremony, Deputy Chief Administrative Judge Ann Pfau, whose job includes overseeing statewide court operations, discussed the impact the September 11 tragedy had on the courts. "We lost three court officers... and over 60 court families lost brothers, Continued on Page 6

## COURT'S SPECIAL OFFICE STRIVES TO ENSURE EQUAL JUSTICE FOR ALL

"FOR A FAMILY SEEKING PROTECTION FROM EVICTION, for an elderly person confused by the social services bureaucracy or for a battered woman fleeing domestic violence, having access to adequate legal services can be critical to their safety and well-being. Yet only a small percentage of impoverished New Yorkers—perhaps 15 percent—stand a reasonable chance of getting a lawyer when they desperately need one," Chief Judge Judith Kaye told participants at the state's first Access to Justice Conference, held in Albany last September. The two-

day summit, which brought together judges, court administrators, bar leaders and others to share their expertise on eliminating barriers to justice, was orga-



nized by the courts' Office for Justice Initiatives, established in July 1999 to help ensure equal access to justice for all New Yorkers.

### Funding Crisis Requires Immediate Action

During the summit Chief Judge Kaye announced the creation of the New York State Access to Justice Center, a court-sponsored entity that will serve as the central vehicle for securing long-term funding for civil legal services for

Continued on Page 3

# NY's Commercial Division Sets Trend for Other States

The New York State Supreme Court's Commercial Division, which started as an experiment in Manhattan and Rochester in 1995 and has since expanded to White Plains, Albany, Buffalo and Long Island, has won the acclaim of business leaders and commercial lawyers alike. Devoted exclusively to complex business litigation—from disputes over employment and construction contracts to commercial class actions—the Division has reduced the length of an average contract case by over 30 percent, leading an emerging national trend toward the creation of specialized business courts.

"Prior to the creation of the Commercial Division, many businesses went to the federal courts to settle disputes because cases used to languish in the state courts. Now, it's just the opposite," says Pablo Rivera, clerk-in-charge of Manhattan's Commercial Division, where over 6,000 cases are filed each year. Mr. Rivera says the Division, with its highly experienced judges and staff, early dates, state-of-the-art technology, and successful mediation and arbitration programs, among other features, is responsible for the turnaround. In fact, when there is a choice of jurisdiction, many companies are now writing it into their contracts to start their cases in the Commercial Division, Mr. Rivera adds.

Manhattan's Commercial Division also boasts a high-tech courtroom, dubbed Courtroom 2000, where evidentiary documents and exhibits can be displayed on computer monitors and viewed simultaneously by the judge, jurors, witnesses and counsel. "Jurors can view documents as they're being discussed during trial, increasing both their comprehension and retention of the facts," explains court reporter Brian DiGiovanna, the prime architect of Courtroom 2000.

Monroe County's Commercial Division may not yet have the equivalent of a Courtroom 2000, but its aggressive case management techniques, sophisticated computer tracking system and, in particular, the special expertise of its judge and staffers, have earned this Rochester court a reputation equal to its Manhattan counterpart. Of the Rochester Commercial Division's 1,500 annual filings, some 20 percent are referred for mediation, with upwards of 80 percent of these cases reaching a settlement.

"When you're doing contractual and other commercial cases over and over, you've got the expertise to jump in with both feet to assist the parties in a quick resolution of the matter," says Thomas Stander, the presiding judge of Rochester's Commercial Division and a former partner at a law firm specializing in commercial litigation. "We're able to resolve cases because of our hands-on management approach and because we're specialists."

To illustrate his point, Judge Stander gives the example of a Commercial Division case, pitting two lawyers against their former employers, who settled quickly and rather amicably. The attorneys left their firm to start a legal practice of their own, taking several clients—whose cases they'd been working on—with them. The firm responded by obtaining a temporary restraining order to prevent the duo from opening their own practice. The court aided the two sides in working out a fee-split arrangement, with the attorneys sharing the fees they earned from the cases and the firm allowing the pair to retain the clients. Without the firm probably couldn't handle the work, and the two attorneys, having just set up their own practice, couldn't afford to give the clients' files back. With the fee-split arrangement, the two sides basically lived happily ever after," Judge Stander comments.

"The advent of the Commercial Division has streamlined the adjudication of business and commercial disputes in my practice," says Rochester attorney Warren Rosenbaum. "Judge Stander's familiarity with the types of issues that come up in these cases has allowed him to decide matters more efficiently. The Division has also made for the creation of a body of case law to which practitioners can look for guidance on the likely outcome of their disputes."

The Commercial Division posts its most significant decisions on the New York State courts' Web site, www.courts.state.ny.us, also publishing a summary of its latest decisions in an online newsletter, The Commercial Division Law Report. Additionally, as part of a pilot program, the Manhattan and Rochester Commercial Divisions now allow lawsuits and follow-up papers to be filed by fax or e-mail, an innovation Judge Stander predicts will increase attorney productivity as well the court's efficiency. ◆

# STATE OF NEW YORK
# UNIFIED COURT SYSTEM



# APPLICATION FOR EMPLOYMENT

| Title of Position: CHIEF CLERIC VII | Announcement #: 26403 | Geographic Location of Position: KINGS COUNTY |

**1. Last Name** RIVERA **First Name** PABLO **Initial** G

**Mailing Address**
62 Newberry Ave Apt 4H

**City or Post Office** Staten Island **State** NY **Zip Code** 10304

**Telephone Number**
Home: (718) 668-0943 **Business** (212) 748-5306, SS# 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

**2. AGE:** Are you at least 18 years of age?
Yes ☒ No ☐
If no, indicate your date of birth
Month      Day      Year

**3. CITIZENSHIP:**      Form I-9 attached ☐
Are you a citizen of the United States? Yes ☒   No ☐
If no, do you have a legal right to work in the
United States? Yes ☐   No ☐

| 4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN | YES | NO |
|---|---|---|
| If you answer is "YES" to any of these questions, give details on an attached sheet. a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: i. Have you ever been convicted of an offense against the law? | | ✓ |
| ii. Have you ever forfeited bail or other collateral? | | ✓ |
| iii. Do you now have any criminal charges pending against you? | | ✓ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ✓ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ✓ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ✓ |

| 5. EDUCATION | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | Brown H.S. of Science | Full | 3 | yes | Academic | | |
| College, Univ. Professional or Technical School | Elizabeth Seton College Yonkers NY | Full | 2 | yes | Social Studies | 64 | AAS |
| | Fordham University BX NY | Full Spcl | 4 | yes | Political Science | 128 | BA |
| Other Schools or Special Courses | Fordham University + Sunny Albany | part | 1½ | no | Court Mgt | 12 | MA |

*If you have a high school equivalency diploma, give number and year of issue:

| 6. EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.) NAME, ADDRESS AND BUSINESS OF EMPLOYER | WEEKLY EARNINGS | EMPLOYED FROM Mo. Year | TO Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and supervisory experience if any |
|---|---|---|---|---|---|
| Resume Submitted | | | | | |

# EDWARD J. VOLPE
## 1059 74th Street
## Brooklyn, New York 11228

## LEGAL EXPERIENCE

### Supreme Court of the State of New York

**First Deputy Chief Clerk- Kings County Civil Term**          **2001- Present**

Currently, I am the First Deputy Chief Clerk of the civil term of Kings Supreme Court. I am involved in all aspects of the civil term including management of over 40,000 cases. I am involved in all aspects of building security. I was involved in the Differential Case Management pilot project and have unique insight into the program as it relates to the Comprehensive Civil Justice Program. I was the operational manager in the implementation of the CCJP . I am currently involved in all aspects of the court's initiative on fiduciary matters.

**Court Clerk Specialist- Kings County Civil Term**          **1996 - 2001**

During this period I was the court clerk specialist in charge of motion and trial support. Motion support is staffed by twenty employees. This department handles thirty two thousand motions annually. My duties also included supervising the forty trial parts.

**Senior Court Clerk- Kings County Civil Term**          **1985 - 1996**

I have worked in every court part and department of the Supreme Court civil term including the matrimonial and guardianship parts. I was the first supervisor of the civil term computer room. I helped to create new forms and procedures in all these departments.

**Senior Court Clerk- Kings County Criminal Term**          **1984 - 1985**

I started my career as a clerk in the felony waiver part of the criminal term of Supreme Court. The felony waiver part was a busy high volume part.

**Senior Court Officer- Queens County Criminal Term**          **1982 - 1984**

I was promoted to Supreme Court Officer in Supreme Court Queens County and later transferred to 360 Adams Street where I worked in the criminal term.

### Criminal Court of the City of New York

**Uniform Court Officer**          **1978 - 1982**

I began my career in the Unified Court System as a uniformed court officer in Criminal Court at 120 Schermerhorn Street. In 1981 I was promoted to Part Captain..

## TEACHING/TRAINING EXPERIENCE

### Continuing Legal Education

I have taught a number of different continuing Legal Education classes through the Brooklyn Bar Association, Bay Ridge Lawyers Association, Catholic Lawyers Guild and bar associations. I have recently conducted training on:

- Consolidations and Joint Trials
- Navigating the Supreme Court
- Uniform rules of the Chief Judge
- Procedures of the Civil term- A "How not to get you papers rejected by Kings Supreme Court Civil term."
- Guardianships- Mental Hygiene Law Art 81
- Fiduciary compliance and related issues
- Contested and Uncontested matrimonial divorce

**Court Personnel Training-** I have trained all levels of positions within the court system. I have facilitated the training of the following training programs:

- **Quality Service-** providing a quality product to both the public and to fellow employees.
- **Supervision-** tools that are necessary to be a more effective supervisor
- **Frontline Leadership-** training and methodology on quality leadership
- **Diversity in the Work Force-** management of a diversified work force
- **Computer Training-** training of basic, intermediary, and advanced Civil Case Information System, and Case Management System.
- **Better Office Skills**
- **Planning and Time Management**

## AWARDS

Brooklyn Bar Association, Nathan Sobel Award- 1997

## EDUCATION

| | |
|---|---|
| Brooklyn College | 1978-1985 |
| NY State Court Officer Academy | 1978 |
| Kingsborough Community College | 1975-1977 |
| United States Navy-Electronics and Electricity School | 1969-1973 |
|     Sonar School | |
|     Submarine School | |
|     Physics of Sound School | |
| James Madison High School, Brooklyn NY | 1965-1969 |

# AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

### ATTORNEYS AT LAW

757 THIRD AVENUE, NEW YORK, N.Y. 10017
212 593-6700
FAX: 212 593-6970

MEMBERS OF THE FIRM

| | | | |
|---|---|---|---|
| MARK I. AARONSON | CRAIG F. FENNO | NANCY L. PENNIE | MARK I. AARONSON |
| LAWRENCE D. BLOOMSTEIN | MICHAEL M. FUTTERMAN | JAY A. RAPPAPORT | (212) 593-6702 |
| NEIL F. BRINES | ANDREW I. KAPLAN | CAROL E. RUSSELL | MIA@ARFDLAW.COM |
| RICHARD V CAPLAN | STEVEN Z. KRONOVET | BARBARA A. RYAN | |
| ROBERT J. CECALA | PHILIP D. LERNER | DAWN C. SHAPIRO | |
| ROBERT S. DEUTSCH | NICHOLAS I. MAROTTA | ALISON R. SHIELDS | |
| SUSAN ETRA | ROBERT S. MELNICK | NANCY A. STEPROE | |
| MARK B. FEINSTEIN | DANIEL NESSIM | ELLIOTT J. ZUCKER | |

March 19, 2004

Honorable Ann T. Pfau
First Deputy Chief Administrative Judge
Office of Court Administration
25 Beaver Street
New York, NY 10004

Dear Justice Pfau:

It has come to my attention, now that Tom Kilfoyle has joined your Honor at the OCA offices, that in short order a new Kings County Chief Clerk will be designated. Quite frankly, I had thought that the job of Chief Clerk would automatically be taken over by Ed Volpe, owing to what was perceived as his competence and longstanding, meritorious service. If, as I have now been told, my impression was incorrect, and there are several candidates you are considering, I hope your Honor will take into consideration my thoughts on the subject.

I have known Ed for probably upwards of 20 years. I have watched as he served as an effective liaison between the bench and the bar and how well he worked with Tom in promulgating the mandates of OCA and to an even greater extent, whomever was serving as the Administrative Judge of Kings County. The last few years have not been easy ones for the Brooklyn judiciary and with Ed's experience, dedication and knowledge, as well as the respect he has earned from the judges and lawyers he works with, I could not think of a more deserving and excellent choice for this important position. I only hope that others, including judges, realize that Ed's appointment is not a given, and that they will express similar sentiments to your honor, and that such recommendations will be given some weight.

I hope this letter finds you in good health and that you are enjoying your return to OCA, and I look forward to working with you in the future.

Very truly yours,

Mark I. Aaronson
cc: Hon. Neil Jon Firetog

{00328432.DOC}

# STATE OF NEW YORK
## UNIFIED COURT SYSTEM



# APPLICATION FOR EMPLOYMENT

| Title of Position: Chief Clerk VII | Announcement #: 26903 | Geographic Location of Position: Supreme KINGS |
|---|---|---|

**1.** Last Name: **Volpe**  First Name: **Edward**  Initial: **J**

Mailing Address: **1059 74 St Bklyn 11228**

City or Post Office / State / Zip Code

Telephone Number: Home: **718 748-2359**  Business: **718 748-4407**

Social Security Number: **055 44 9039**

**2. AGE:** Are you at least 18 years of age?  Yes ☑ No ☐
If no, indicate your date of birth
Month  Day  Year

**3. CITIZENSHIP:**  Form I-9 attached ☐
Are you a citizen of the United States? Yes ☑  No ☐
If no, do you have a legal right to work in the
United States?  Yes ☐  No ☐

**4. ANSWER ALL QUESTIONS BY PLACING "X" IN THE APPROPRIATE COLUMN**
If you answer is "YES" to any of these questions, give details on an attached sheet.

| | YES | NO |
|---|---|---|
| a) Except for minor traffic offenses and adjudications as youthful offender, wayward minor or juvenile delinquent: | | |
|    i. Have you ever been convicted of an offense against the law? | | |
|    ii. Have you ever forfeited bail or other collateral? | | ✓ |
|    iii. Do you now have any criminal charges pending against you? | | ✓ |
| b) Have you ever been dismissed from any employment for reasons other than lack of work or funds? | | ✓ |
| c) Have you ever received a discharge from the Armed Forces which was other than honorable? | | ✓ |
| d) Are you currently in violation of a court order in any state for child or spousal support? | | ✓ |

| 5. EDUCATION | NAME OF SCHOOL AND CITY IN WHICH LOCATED | Full or Part-Time | No. of years Credited | Were You Graduated | Type of Course or Major Subject | No. Of Credits Received | Degree Received Or Expected |
|---|---|---|---|---|---|---|---|
| High School** | James MADISON | F | | Y | | | |
| College, Univ. Professional or Technical School | Kingsborough CC | F | | Y | | 64 | AAA |
| | Brooklyn College | P/t | | N | | 115 | |
| Other Schools or Special Courses | SEE Resume | | | | | | |

*If you have a high school equivalency diploma, give number and year of issue:

| 6. EXPERIENCE (List your most recent employment first, including volunteer work, military service, internship, work-study, etc. Attach a resume if available.) NAME, ADDRESS AND BUSINESS OF EMPLOYER | WEEKLY EARNINGS | EMPLOYED FROM Mo. Year | TO Mo. Year | REASON FOR LEAVING | TITLE AND DUTIES OF YOUR POSITION Describe the kind of work performed and any supervisory experience if any |
|---|---|---|---|---|---|
| See Resume | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**7. REMARKS:** ATTACH ADDITIONAL SHEETS OF PAPER IF MORE SPACE IS NEEDED.

PLEASE COMPLETE THIS AFFIRMATION

I affirm that the statements on this application (including any attached papers) are true. False statements made in this application are punishable under Penal Law §§210.45).

X _(signature)_  Signature of Applicant

Date: **3-22-04**

THE STATE OF NEW YORK UNIFIED COURT SYSTEM IS AN EQUAL OPPORTUNITY EMPLOYER

GRACE A. CHRISTIE
83-33 AUSTIN ST., APT. 2A
KEW GARDENS, NEW YORK 11415

April 21 , 2004

Supreme Court, Civil Term
Kings County
360 Adams Street
Brooklyn , New York 11201

Dear Ms. Creegan:

Enclosed is my essay that is required for my interview for the Chief Clerk position in Supreme Court, Kings County. Thank you.

Sincerely,

Grace A. Christie
Grace A. Christie

**GRACE A. CHRISTIE**
83-33 Austin Street, Apt. 2A
Kew Gardens, NY 11415
(718) 643-2078 (W)
(718) 847-9383 (H)

If promoted to the position of Chief Clerk of Supreme Court, Kings County, I would utilize my knowledge of procedures in this court to further expediency and efficiency. My twenty years in the Court system would be an added asset.

My supervisory experience includes supervising a span of seven to twenty employees. My experience as a clerk in the Arraignment Part of the Criminal Term includes supervising Court Officers as well as Clerks. My current assignment as a Court Clerk Specialist includes supervising clerks of various titles and other non-judicial personnel. I oversee the foreclosure motion part as well as the foreclosure auction procedures. I communicate with those that I supervise as well as Judges, Judges Chambers' staff, attorneys and pro se litigants through both written memorandum and conferences.

The team approach of management has served me well. The feedback from those I supervise has been predominantly positive. A team, as defined in the Webster's Dictionary, is "work done by several associates with each doing a part but all subordinating personnel prominence to the efficiency of the whole." An efficient Court includes employees who are a team and work toward a common goal.

Unless an individual has the knowledge of the operation, that individual cannot be an effective manager. I have been a part clerk in both the Criminal and Civil Terms, an arraignment part clerk and a clerk assigned to the Criminal Term Office. Since 1998, I have been assigned to the Ex-Parte Office of the Supreme Court, Kings County. In the Ex-Parte Office, my duties include reviewing Orders, Ex-Parte Orders, Orders to Show Cause, as well as other documents for submission to the Court. I also train subordinate court clerks to review Ex-Parte Orders, Orders, and Orders to Show Cause. We advise the Judicial staff about procedural and possible legal insufficiencies in these documents.

I have extensive knowledge of the Court forms, rules, procedures and relevant statutes. My ability to identify and use appropriate resources (statutes, etc.) allows me to answer questions concisely and accurately. I read and analyze legal memoranda, as well as other policy statements, to identify relevant facts and implement changes in office procedures as established by the Court Administrator. As Chief Clerk, my experience and abilities will enable me to ensure the continuous efficiency of Supreme Court, Kings County.

Barry Clarke
510 East 17th Street
Brooklyn, N.Y. 11226
(H) 718-856-2328
(W) 212-374-8433

Ms. Patricia Creegan
Personnel
Supreme Court
360 Adams Street
Brooklyn, N.Y.

April 26, 2004

Dear Ms. Creegan:

As per our conversation, enclosed is the required writing sample
regarding – How I would undertake the duties and responsibilities
of the position of Chief Clerk VII, Supreme Court, Kings County.

My scheduled interview is Thursday, April 29, 2004 at 11:30 A.M.

Thank you for your assistance.

Sincerely,

*Barry Clarke*

Barry Clarke

**Barry Clarke**

Once afforded the opportunity to meet the challenges of the position of Chief Clerk VII, Supreme Court, Kings County; I would initiate the undertaking of the responsibility of the position in three phases:

1) Observation of the current practices.

2) Establishment of new targets and reaffirmation of active goals.

3) Implementation of these targets and goals.

## 1. Observation of current practices phase:

I would sit in at meetings at various levels. This affords me the opportunity to learn the different aspects of the day to day operation. I would become aware of any issues and/or concerns and the actions needed to effectively address these issues or concerns. These meetings would positively introduce my role to court staff and commence a productive working relationship.

Subsequent interaction with the department heads and staff will allow me at some point to match skills and personalities among employees. This process facilitates my ability to create teams that are capable of accomplishing desired results quickly, efficiently and effectively.

Brainstorming with colleagues and familiarizing myself with current practices and policies would be essential in this phase. I would immediately review the court statistics over the past few years regarding filings, case management and calendaring to note trends and to ensure that the direction of the court remains positive and productive. In addition, I will actively review and analyze the court budget for the past few years to get a sense of the court's priorities.

I would seek out non-court agencies for a thorough understanding of how those agencies and the court coordinate efforts to adequately serve the public. I would meet with and become actively involved with DCAS personnel regarding the physical plant. This will ensure that the facility is well maintained and

1

TOTAL P.04

suitable for employees and the public.

## 2. Establishment and reaffirmation of current goals phase:

I will make sure that there is clear and open communication throughout the court regarding policies, procedures, objectives and goals. It has long been my belief that successful teamwork requires that everyone on the team understands the purpose and direction of the team and work together to push for success. I would empower the staff by having them discuss how to achieve the desired goals and to ascertain if there is a need to revitalize these goals or establish new goals.

One goal I would personally seek to achieve is to have a thorough understanding of the staffing needs of the court and work with team members to establish a plan in the event of staff reductions. My primary objective is to develop an energetic, cohesive and productive work group.

Another goal is to seek out the "stars" of the court and provide them with the tools and training to take an active participation in the day to day operation of the court and become leaders.

## 3. Implementation of targets and goals phase:

I would seek to strengthen any current policies and procedures. This will involve meeting with Administrative Judge Firetog on a regular basis to ensure that the Standards and Goals of the court are met. Planning and organization is the key to any successful organization. I am a firm believer that prior planning to achieve targets and goals is to key to achieving positive results. Based on that premise I would ensure that the desired results will be accomplished for all court projects. To achieve these results I would:

      1) thoroughly research the project/problem/issue
      2) define and clearly identify the objective
      3) set a strategy
      4) implement the strategy
      5) monitor on an ongoing basis and make changes if
         necessary.

It is well established that planning a project with attention to detail makes the difference between acceptable results and exceptional results. In seeking exceptional results, I feel successful implementation of targets and goals may be accomplished by adequate planning and thru written, verbal and computer communication.

2

How I Would Handle the
Duties and Responsibilities
of Chief Clerk in Kings County

John V. Costello

The Chief Clerk of the Supreme Court is respon-
sible for the supervision of the civil term.  The
Chief Clerk should have a detailed knowledge of all
the various departments of the civil term; trial
support, motion support, matrimonial, ex-parte,
mental hygiene and case management.  The Chief Clerk
should also be an effective liaison to the admini-
stration and supervision judge to enable the goals of
the administration for the initialization, processing
and disposition of cases.

The Chief Clerk must take a pro-active role in
the continuation of new initiatives such as the crea-
tion of central compliance arts, final conference
parts, and various pre-trial and tap parts.  The Chief
Clerk should also have indepth knowledge of statistics
and their relationship to the disposition of cases
in the county.

The Chief Clerk would also play a pivotal role in
the supervision of court officer security, building
maintenance, and the structuring of the court budget,
and the preparation of three- and five-year plans
for the Supreme Court.  The Chief Clerk should also
play a major role in personnel hirings and other
related employee functions.

The Chief Clerk would also be a liaison to the judiciary and members of the Bar to handle complaints and problems of the civil term. The Chief Clerk should also represent the county at OCA seminars and Bar Association legal education classes. The Chief Clerk should perform his or her duties with intelligence, integrity, and in a professional way.

Dear Members of the Committee:

After almost thirty five years as a member of the New York State Court System, I can assert that the position of Chief Clerk VII, in one of our nations busiest court systems, demands the best talent for the job. If given the opportunity to assume the position of Chief Clerk VII, I would draw upon my many years of work experience to bring the highest standard of excellence to the fulfillment of my duties.

One specific area where I feel my work experience would be especially important is my vast experience as a supervisor. The job of Chief Clerk VII is one that requires someone who can work with the department supervisors, as their manager. Being a productive manager requires knowing how to properly allocate resources. This requires extensive knowledge of both the Court System in Brooklyn and its work force. The Chief Clerk VII position requires the proper allocation of human resources among the department supervisors. I have a full understanding of how the Court System works and how the division supervisors work within that system. I would develop a strong working relationships with the division and front line supervisors, so as to ascertain their strengths and weakness. A better understanding of this human resource will promote greater efficiency and a work force that receives greater fulfillment from their duties. It is my strong belief that if your staff knows you genuinely care about them, they will be more inclined to do a better job. As a supervisor in the Supreme Court for many years I have attained the necessary skills the position calls for while enjoying a strong relationship within the work force. My years of service have allowed me to build many strong professional relationships that I would avail myself of and this network would prove invaluable to the job of Chief Clerk VII.

The decision to become a candidate for the position of Chief Clerk VII should not be taken lightly. Given my many years of service as a Court Clerk, my counsel is often sought by colleagues who are considering pursuing a position. I have developed a three-part test that

sought the position of Chief Clerk VII. The three-part test is as follows:

Does the candidate care about the job they are seeking

Does the candidate care about the public, and

Does the candidate care about the individuals that make up the working environment. These are the basic elements required for a candidate to faithfully execute the position he/she seeks. It was after consulting, and fulfilling, all the elements of my test that I then decided to seek the position of Chief Clerk VII.

Whoever assumes the position of Chief Clerk VII must possess both unquestioned integrity and the strong intellectual capacity to handle the many challenges inherent in the position. I humbly assert that I have both these qualities. As my resume reflects, I am a graduate of Pace University, Lubin School of Business. Since entering the Court System, I have successfully completed five civil service exams. The depth and breath of my work experience, especially in the civil term makes me uniquely qualified to assume the responsibilities of Chief Clerk VII.

Finally, the great men and women who make up this Supreme Court deserve that whichever candidate is chosen for this position be an individual that will keep the high standards of excellence we have come to admire in Brooklyn. It is important that whoever attains this position should enjoy the respect of their fellow workers. For all the reasons stated, I feel that I am the best candidate for the position of Chief Clerk VII.

If the committee should have, any questions that it feels I can help clarify, please do not hesitate to contact me. Thank you for your time and consideration.

Sincerely,

George W. Crowley Jr.

*How would I undertake the responsibilities and duties of the position of Chief Clerk*

**Paul Kenny**

The responsibilities that accompany the position of Chief Clerk are daunting. The Supreme Court of Kings County is acknowledged as one of the busiest civil courts in the nation. The many accomplishments of the prior Chief Clerk, Thomas Kilfoyle, will make the inevitable comparisons with his successor all the more difficult. Yet, the opportunities and the potential for pro-active reform posed by the vacancy make the position exciting.

As Chief Clerk, I would work closely with the Administrative Judge of the Court in implementing Chief Judge Judith Kaye's *Comprehensive Civil Justice Program.* I would consult with the Justices of the Court and examine ways to improve the existing case management system.

My record as Deputy Chief Court Attorney of Supreme Court, Kings County is a helpful indication of what methods and goals I would help pursue. When the Chief Court Attorney and I were promoted in 1999 to our present positions, we took over the reins of a department that had an uneven reputation. Some Justices were reluctant to send cases to the Law Department, fearing that the matter would be assigned to an inefficient, unproductive court attorney. The Law Department, prior to my tenure as Deputy Chief Court Attorney, did not enjoy a widespread reputation for either the expeditious handling of its caseload or the quality of its work product.

The Chief Court Attorney and I designed and implemented a system of accountability

1

that was imposed upon all court attorneys _and_ their supervisors. We required that court attorneys turn in developed drafts of decisions in a shorter time frame. In the process, not only did the quality of the drafts not suffer, but the supervisor's active supervision and work resulted in a superior product. Many of those decisions, emanating from my Department, have been published by the State Reporter and the New York Law Journal. Thus, especially at a time that media scrutiny of Supreme Court, Kings County was heightened, my fellow supervisors agreed with my theme that the work of our Department **had** to be superior in order not to give further ammunition to the Court's detractors.

In addition to increasing the Department's productivity and quality of the work product, responding to the implementation of the *Comprehensive Civil Justice Program*, I assigned court attorneys skilled at case conferencing to assist the Justices in the preliminary conference and compliance parts. Moreover, I monitored their work to ensure maximum efficiency.

One of the changes I would seek to administer as Chief Clerk is a marked increased use of computers and modern day technology to promote and enhance efficiency. In a recently published case, *N.Y.C. Medical and Neurodiagnostic, P.C. v. Republic Western Insurance Co.* ( ___ Misc. 3d ___ , 2004 WL 784400, 2004 NY Slip Op 24115, NYLJ, Apr. 22, 2004, at 21, col. 3), defending its use of a governmental web site and that of a party found on the internet, the court stated:

> For a judge to ignore these technological changes, made available by government and encouraged by court systems, would be to blind

2

oneself.

\* \* \* \* \*

[T]his Court notes that the research on the web sites was done not on some private personal computer, but on internet access provided by the Office of Court Administration to the undersigned and every other Judge of this State, reflecting a policy that courts utilize emerging technology in dispensing justice.

I agree with the sentiment of that decision. We must make increased use of available technology and computerized record-keeping in order to take our court system in Kings County into the twenty-first century. In the Law Department, rather than re-invent the wheel each time in drafting decisions on mundane, garden-variety matters, I and my fellow supervisors developed standard models for use by the court attorneys. Initially, I encountered reluctance by court attorneys who were not computer literate. Today, those same attorneys credit me for helping them to overcome their fears of change. Similarly, as Chief Clerk, I would make certain that <u>all</u> court employees were well-trained in computer technologies, especially as made applicable to their position.

I have, in addition, a substantial background and training in alternative dispute resolution ("ADR"). I would work with OCA's ADR office, as well as local bar association leaders, to promote it to alleviate a our congested calendars.

Having also been an attorney engaged in the private practice of law before joining the court system, I can offer a unique perspective. As a Chief Clerk who is a lawyer, I will secure the co-operation of the Bar and Bar Association leaders in implementing case management strategies. Having been a small firm practitioner, my experience as an lawyer

3

"in the trenches" would be helpful in working with members of the bar in developing and implementing improvements in the civil justice system. Chief Judge Kaye has recently created a commission charged with the examination of the difficulties faced by solo and small firm practitioners - - who make up 80% of the attorneys in the State. I would work with the Administrative Judge and OCA in implementing the Commission's recommendations.

Other candidates for the position of Chief Clerk have had more experience in performing clerical functions. Yet, I have a proven track record in turning around a low performing department of 25 attorneys and have managed a significant caseload.

Significantly, one of the most important duties of the Chief Clerk is to address the needs and concerns of the Court's civil term Justices. In that regard, I already enjoy an excellent rapport with them and have earned their confidence. Of equal importance is the ability to relate with the Court's non-judicial employees. In that vein, and balancing my years managing the law department, I have enjoyed an excellent working relationship with the Office of Employee Relations and other OCA officials. As former President of the Court Attorneys Association, furthermore, I have established a good rapport with officials of the court unions.

Overall, my cumulative experience as a lawyer and in the court system will enable me "to hit the ground running" in taking over the position of Chief Clerk.

4

# GEORGE F. KING

## HOW I WOULD PERFORM THE DUTIES AND RESPONSIBILITIES OF THE POSITION OF

# CHIEF CLERK VII

### of

# KINGS SUPREME COURT CIVIL TERM

Enclosed: overall plan for the purposes of this writing sample, utilizing an occasional example for demonstrative purposes.

(seven sheets incl cover sheet)

George F. King

Upon my appointment as Chief Clerk VII of Kings Supreme Court, civil term, I would meet with Administrative Judge Neil Jon Firetog regarding resource and physical space availability. I would relay to him how I would achieve the short and long-term goals set by him. It is readily apparent that the Kings Criminal term filings and Kings Supreme Court's budget have decreased, though Kings Civil filings have increased. Possible interpretations: Civil and Criminal budget should (if feasible) be calculated separately, weighted with variables including, but not limited to court filings and considering personnel resource differentials. Nevertheless, it is clear that as Chief Clerk it will be necessary for us to do more with less resources. Among my long and short-term plans would be implementation of an effective management system with checks and built-in controls predicated upon the accountability of the supervisors and empowerment of personnel.

A Chief Clerk must be capable of performing at times of crises. Occasionally, early morning, late evening or weekend appearances may be necessary. Crisis management though, should be the *exception, not the rule. Continuous crisis management is synonymous with poor management.* After a complete assessment, I may elect to commence a systematic re-organization of operating systems to maximize efficiency and personnel utilization. Eventually an increase in morale would take place.

Next, I would consult with every officer from Lieutenant to Major assigned to the civil term and every court clerk from the title of Principal court clerk to First Deputy (as well as any individuals, who by the nature of their duties have operational or significant personnel oversight). They would communicate to me the purpose of their unit, its function, and the duties of the individuals they oversee. Any suggestions for improvement or better utilization of resources to aid their unit or serve the public would be welcomed. Units would be rewarded and individuals praised for submissions that may increase productivity or quality service to the public.

2

*George F. King*

*There would be an emphasis on cross-training of personnel, consolidation of functions and convenience and quality service to the public.*

**Sample I:** KINGS SUPREME OFFICE FOR SELF-REPRESENTED AND UNCONTESTED MATRIMONIAL FUNCTION:

The re-organizing of the matrimonial department, in itself was not necessarily disastrous. Because of space limitations, the placement of matrimonial operations over a widespread area makes for an unnecessary burden for the public. Uncontested matrimonial matters should be handled separately from contested matters, though the offices should be contiguous to minimize the frustration and confusion of the (especially) self-represented individuals. In turn, the office that receives the submitted matrimonial divorce packets from the public, should a) also be the department that actually initially evaluates the majority of the submissions prior to forwarding to the referees, and b) should be the department to which the self-represented individual or (attorney) returns to retrieve their defective papers.
c) members of the public should not have to sign in, except when initially submitting UMAT packets; simply put "people who merely request directions to the Central Jury Room or the Drug Treatment Court, should not be required to log in".

Statistics would become skewed and meaningless: BOTH OSR and UMAT would include all UMAT submissions. As Chief Clerk, I would evaluate purpose, function, operation, personnel and effective service to the public. This mantra will be repeated throughout the civil term.

**Proposed solution I:** Merge operations of the Kings Supreme Office for the Self-represented (OSR) and the Uncontested Matrimonial Units (UMAT) over time. Upon becoming Chief Clerk, I would commence with the gradual rotation of some personnel between the two offices.

3

**Benefit:**    The public would be better served.  Uncontested Matters  and Self-Represented individuals would all appear in one place for help. Both offices have fielded similar queries, though OSR may have eventually referred them to UMAT. Consolidation would also result in adequate  cross-training for personnel from both units.


Logic dictates that the offices assigned contested matters also  should be located in close proximity to one another  (and possibly to the office processing  UMATs ,if feasible) to minimize any inconvenience for the general public and the  bar.  In another forum, I will expand upon other related matters, as this writing sample is merely an overview.


<u>Sample II/ and Solution:</u> WEBSITE:
Another important tool for employees and the public would be the construction of a website (which was previously developed but discontinued). I would appoint a website liaison who would coordinate with each department and the Technology Department, to design and construct a website.  There  would be an expanded version of the Kings Supreme Court Web information with appropriate cross-links.  Another, would be on the intranet solely for court employees.  Each department in civil (though I would reach out to the criminal term also) would appoint at least one person that the liaison would first contact for this purpose.  Though the website will be useful, the empowering of the personnel is just as critical during this process.
As we know, respect, cooperation and communication are the key to efficient productivity , whether the result  is an interactive website, a manual, or simple information transfer. *The website is <u>not the end in itself</u> (no more than a manual or a how-to slide-show is); it is merely a means to an end; a <u>tool</u> to* aid efficiency amongst departments and to better serve the public.

Logic dictates that the touchtone telephone information system  should also be accurate and as user-friendly as possible. Note: Of course the public-accessed website and telephone   4

prompted directories would be MOST useful *after* the actual departments have been re-configured, and operations streamlined.

Previous managerial accomplishments may correlate with future success. I was promoted through the ranks from court officer. By competitive examination, I held the positions of Senior, Associate and Principal Court Clerks. I was then promoted to Case Management Coordinator and subsequently to my current position as Court Clerk Specialist. The latter three (3) promotions were in Kings Supreme Court-civil term.

While appointed in Kings Supreme Court-Civil Term:

- Conducted training classes in Civil Case Management System for clerks new to the civil term
- At my own expense, conducted free seminars in Kings County and Bronx County to aid personnel in preparing for court clerk preparation examinations
- After promoting to Case Management Coordinator, I was requested by the Chief Clerk to aid the matrimonial Department with a severe backlog.
- Received Employee of the Month Award
- Under the former Administrative Judge, initiated a thorough re-vamping of the Kings Civil Supreme Subpoena Records Unit; worked six day weeks with a dedicated team of subordinates; after our efforts and exchange and implementation of ideas, Kings Supreme Civil is not only one of the busiest but also the most efficient subpoena records unit in New York State!
- Coordinated with County Clerk's office to facilitate collection procedures for recently legislated civil supreme fees
- Initiated procedures for the compliance with the Kronos timekeeping system; consistent application is mandatory
- Encouraged and participated in morale boosting activities as a show of appreciation to subordinate personnel
- Thrives with increased responsibility; utilizes team concept and a goal-oriented approach towards effective management

5

**George F. King**

*Note:* In Kings Supreme Court, Civil Term, there are a total of seven (7) Court Clerk Specialists . I supervise eighty (80) subordinates as supervisor of Motion Support, Trial Support and the Subpoena Records Unit (with the aid of *three superb Principal Court Clerks*)

The other fifty-five (55) subordinates are distributed among the other six (6) Court Clerk Specialists and eleven (11) Case Management Coordinators.

With just three Principal Court Clerks, I supervise fifty-five (55%) percent of Kings Supreme-civil term. Actually, consolidating the Motion and Trial Support functions with the Subpoenaed Records ( which is part of trial support), is fairly efficient as regards personnel utilization and customer service, though there is always room for improvement. One means is to incorporate a consistent trial part quality control; another means is via continued re-deployment of personnel among the units via cross-training.

Among the most important qualities that I would bring to the fore as Chief Clerk are honesty, a work-ethic, the ability to praise others for their contributions and to shoulder blame for any errors and miscues. An omnipresent goal is to find a solution, not to fix blame. If my subordinates excel, so do I; if I excel, so do my superiors.

Therefore, if my subordinates excel, my superiors benefit.

I would continue fair, consistent, empowering goal-oriented management upon my appointment as Chief Clerk.

6

George F. King
Court Clerk Specialist
Kings Supreme Court-Civil Term
360 Adams Street
Brooklyn New York 11201


gfking@courts.state.ny.us

(718) 243-2281
(718)643-4220

7

# Roderick E. Randall, Court Clerk Specialist

# Candidate for Chief Clerk Kings Supreme Civil Term

## - Writing Sample -





*Question:*    How would you undertake the duties and responsibilities of the position of Chief Clerk of Kings County Supreme Court Civil Division.

Kings County Supreme Court is available to respond to the legal needs of its population of 2,488,194 residents[1] many of whom make use of the courts' resources. The Second Judicial District includes the Kings County Supreme Court in the borough of Brooklyn and the Richmond County Supreme Court on Staten Island. There were 60,789 civil and 6,480 criminal filings in the Second District Supreme Courts in 2002. During this time frame 59,197 civil and 6,483 criminal dispositions were achieved. The Second District also conducted 3,512 civil and 470 criminal trials in 2002.[2] As the aforementioned numbers indicate the Kings County Supreme Court - Civil Division handles a lot of cases. As a result of the large number of people in need of court services the duties and responsibilities of the Chief Clerk, Civil Term will have to be undertaken in a systematic and efficient manner.

### Phase 1: Gathering of Pertinent Information

My first step in assuming the duties and responsibilities of the Chief Clerk would be to gather as much information about the job as possible. This would be accomplished in part by communicating with the group of individuals who are already employed in a similar capacity thereby tapping into a valuable pool of knowledge and experience. The first individual to be contacted from the group would be the former Chief Clerk of Kings County, Mr. Thomas Kilfoyle. Speaking with Mr. Kilfoyle will enable me to ascertain what were the pressing issues during his tenure as Chief Clerk and to seek his advise and benefit from his past experience. I would also meet with the current Deputy Chief Clerk, Mr. Edward Volpe to get his perspective of the current problems and objectives of the civil term. The next step would be to meet with the Administrative Judge, Hon. Neil Firetog to ascertain his objective and management style as well as his vision of the role of the chief clerk. Following those steps I would gather as much pertinent documentation relating to the mission/objectives, as set forth by the administrative judge, and apply it in my daily duties. To facilitate the detection of trends the documentation would include past as well as current material. Having such documentation would allow me to see what changes have taken place and whether or not those changes produced the desired results. Such documentation would include review of Standards and Goals Reports, Resource Comparison Reports, Three Year Workload Reports and similar OCA generated materials.

---

[1]Census Bureau of July 2002 data

[2]2004-2005 Judiciary Budget Request Report





Roderick E. Randall - Writing Sample    *Candidate for Chief Clerk Kings Supreme Civil Term Pg 2 of 2*

## Phase 2: Set-up "Get Acquainted Meetings"

In this phase of the acclimation process I would set-up "get acquainted meetings" with the various department heads to better familiarize myself with the services their offices provide. After having been briefed on the objectives and policies of the various departments, I would visit them to witness firsthand their operation.

## Phase 3: Develop Plan for achieving Goals

After having met with the various department heads and other pertinent individuals, I would be in a better position to develop a plan of action that conforms with the vision of the administrative judge and the objectives of the court. Knowing that it takes all the oars of a boat paddling in unison to propel it forward, it makes sense that I meet with the individual oarsmen to ensure that we are looking at and paddling towards the same island. It is my belief that it is impossible to reach an intelligent solution without incorporating the knowledge and suggestions of the individuals that perform the jobs daily in the civil division of the supreme court.

While technology is not the total solution to the problems facing the courts, it plays a very vital role in allowing the courts to achieve more with less. Part of any plan that I might develop would have to include the greater use of technology. One example is the creation of a scaled down version of the UCS intranet, utilized on a local level. The creation of localized web pages containing information about the various department in Kings Supreme would be an invaluable asset to court employees. Department heads could list their policies and procedures on the site so that employees that interact with their departments would have a greater knowledge of the operational procedures and requirements of that department. A centralized repository could be created in which resided the various forms utilized by the courts thereby obviating the "Now which drawer did they put that form in" scenario. Important memorandums pertaining to court operations could easily be accessed by employees at anytime through the use of such a system. Individual parts could list their courtroom procedures and judicial preferences so that in the case of a temporary reassignment, an individual would have a better idea of what is expected of him or her. This dissemination of information through web publishing not only is more economically efficient but helps to facilitate cross training which in turns leads to even greater efficiency.

## Phase 4: Implement Plan & Re-evaluation of Plan

After having gathered the necessary information, met with the appropriate individuals and developed a tentative plan of action based upon the aforementioned sources it would now be time to implement the plan. Continuous monitoring of the plan would now be necessary to see if the desired results were being achieved and if not, to then make any necessary adjustments to those plans.





Unified Court System of the State of New York

Chief Clerk VII
New York State Supreme Court
Civil Branch-Kings County
Writing Sample

Submitted by:
Pablo Rivera
Court Clerk Specialist
New York State Supreme Court
Commercial Division-New York County

April 23, 2004

## Undertaking the Position of Chief Clerk VII of Supreme Court Civil Branch, Kings County

The job of Chief Clerk of the Supreme Court Civil Branch, Kings County is indeed a challenge, but one that I am up for. To describe the job as an enormous responsibility, is to understate the obvious. Kings County is home to the largest population center in the whole state. With close to fifty thousand or more new case filings a year, approximately thirty civil parts and hundreds of employees and related agencies populating the building, the job calls for a pro-active administrator who will be able to communicate the policies set forth by the local administrative judge and the central administration. All this information must be disseminated to employees, the bench, the bar, and of course, the public that we serve.

We cannot ignore the recent events in Kings County. I see it as imperative that we continue the work of the former Administrative Judge, the Honorable Ann Pfau, and her successor, the Honorable Neil Firetog, along with the great staff of the Kings County Supreme Court, Supreme Court, Civil Branch, regrettably, had it share of woes in the last few years. A major task that faces the new Chief Clerk is restoring the public's confidence in an institution that has had its share of detractors.

How do we achieve this? I will work in conjunction with the Administrative Judge, the Honorable Neil Firetog, and the staff of the courthouse, to formulate, familiarize, review, and implement initiatives and programs to the furtherance of delivering of quality service to all users of the court facilities. I also have to re-familiarize myself with the "local culture," be it legal or otherwise. For example, the public's and the Bar's impressions of what they believe quality service means. To facilitate this delivery of "quality service," it is important that our staff is **clearly made aware of policies and practices that are acceptable and unacceptable.** I will not attempt to try and change things overnight at Kings County. However, there are policies and practices that must be addressed as quickly as practicable.

Finally, periodic meetings of the department heads along with outreach efforts to the bar and public will be extremely helpful to the smooth administration of justice. It will be foolhardy to believe that any court administration can clear up the caseload to a trickle. There is an inelastic demand for our services, with a finite supply of resources. That is, finite in the sense that our resources rarely increase to meet the ever growing demand. Taking advantage of OCA and in-house training will help us facilitate access to justice to those who normally are without access to legal information, not to mention legal assistance. We can make sure that the staff is given every opportunity to receive this training. In addition, we can explore the use of the Honorable Juanita Bing-Newton's different initiatives facilitating access to justice, to everyone, regardless of their ability to pay or wield influence. Through education and training we not only become better at our jobs, we become better for the courts.

**Pablo Rivera**

Edward J. Volpe
First Deputy Chief Clerk
Kings County Supreme Court

The opportunity to interview for the position of Chief Clerk of the Civil Term is the chance of a lifetime. My multi-faceted twenty-six year career in the unified court system has prepared me for this position.

Currently, I serve as the First Deputy Chief Clerk of the Kings County, Civil Term. For the past eight years I have been a senior manager, the last three in my current position. As a senior manager it is and will continue to be my goal and my responsibility to insure that all court personnel provide litigants with a professional and courteous experience for their day in court.

It is my belief that I possess a unique insight into the position of Chief Clerk through my work experiences. I have worked in most, if not all, of the support offices in the Civil Term, as well as having been a courtroom clerk in the various trial parts and specialty parts. The past two Chief Clerks have utilized me as a troubleshooter. My designated role was to go to a part or back office, assess the situation, identify the trouble spots, and either recommend or implement change. I have done this in many places, and my greatest success has been in the streamlining of the tort division. The mandate of a troubleshooter is such that he or she must gain the trust and cooperation of those already in place, while keeping the goal of the administration in mind. This can be a difficult balance to sustain, but it can also be rewarding, to the extent that the integrity of the court system is maintained.

The Civil Term is replete with specialized court parts that function based on specific statutory provisions, like Article 81 guardianships and matrimonial matters under the Domestic Relations Law. The failure to understand how these parts work and what is required of all persons assigned to the part would put a Chief Clerk at a tremendous disadvantage. I was fortunate to be assigned to the guardianship section just prior to the enactment of Article 81 and, therefore, I have a thorough knowledge of both this very important area of the law, and of the fiduciary responsibilities that accompany it. Recently, I assisted in the creation of the role of Fiduciary Clerk, and soon thereafter we rotated that clerk into the position of Clerk in Charge of the Guardianship Department. I like to think I was able to ease that transition. I worked with the members of the new department and I continue to do so to date. I do not exaggerate when I say that no senior manager oversees fiduciary responsibilities more than I do in Kings County.

I also serve as a member of the Foreclosure Committee, through which we are attempting to close gaps in procedure, ultimately making the process more fair, equitable and accountable. There is no greater responsibility than that associated with being a court appointed fiduciary, and the cases requiring such an appointment deserve to be handled accordingly.

One of my primary goals as Chief Clerk will be to begin the process of regaining trust. Unfortunately, the last few years have been difficult for the public, the bench, the bar, and for court employees. The first step is to create a system that is linear and transparent. Respect for the system will only come when people see the legal process in a way that is easily understandable, with predictable events, and with a playing field that is level for all. We must provide a more open and simplified progression of events to lay the groundwork for public trust. Strong leadership, clear guidelines, and accountable supervisory responsibility also allow employees to operate in a non-threatening environment. We should encourage employees to go the extra distance without fear of criticism for over-stepping bounds. Clear decisive standards and procedures, as well of open lines of communication, will allow this. It is my intention, if I am appointed, to implement such a system in Kings County, that can serve as a model for other courts.

As the Kings County representative on Judge Carey's committee, I have been given the chance to join a group of non-judicial personnel who will make recommendations on how to adjust the Civil Comprehensive Justice Program. A complete understanding of this program is a must for the position of Chief Clerk. I consider myself fortunate to possess that understanding.

I am excited about the events that will unfold in Kings County over the next year. The new Supreme Criminal/Family Court building is due to open in December of 2004. In the past I have demonstrated the ability to coordinate large scale relocation of staff, chambers, and all associated paperwork in such a way as to minimize down time. We have dismantled and recreated support offices and courtrooms in a matter of days, and this was done with little or no disruption in the filing of papers and without closing any court parts. I am eager to begin planning and implementing the changes that need to take place in anticipation of, while, and after the Criminal Term moves out of 360 Adams Street. This is a most exciting time for the court. The Adams Street building, opened in 1957 and designed for the Civil Term, will be returned to its original purpose. I look forward to the challenge of restoration of form and function.

Prior to entering the court system, I was in the submarine service of the United States Navy. My group received more training than modern day astronauts do. This point is worth mentioning because it was during my time in the service that I was introduced to a different way of thinking. In the submarine force we were encouraged to be more free-thinking and we were given latitude in engaging in unconventional problem-solving techniques. This "can do" training has proved invaluable to me during my career in the courts.

Before entering the military I attended James Madison High School, and captained the football team in my senior year. In that role, I learned a great deal about leadership and responsibility. Leadership is the second most important quality in a Chief Clerk. The first is integrity. Without integrity, no example for others can be set and no direction for others to follow can be expected. I believe I possess both qualities. I have integrity and I am a leader.

Finally, what I will bring to this position are my skills as an innovative thinker, a problem solver, and a communicator. I am capable of assessing a situation and by knowing the resources available, to think of ways to solve the problems I have identified. I wholeheartedly believe that by sharing as much information as possible as early as possible, and by getting people involved early on, new ideas will be approved of and adopted without controversy for the benefit of everyone. By making the court a better and more efficient place for its employees , we make the court a better place for the citizens of Kings County.