# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER
[ ] FEPA
[X] EEOC  160-2004-02762

Equal Employment Opportunity Commission  and  NEW YORK STATE DIVISION OF HUMAN RIGHTS
(State or local Agency, if any)

**NAME** (Indicate Mr., Ms., or Mrs.): Ms. FRANCES O'LEARY
**HOME TELEPHONE NO.** (Include Area Code): 718 892 9013

**STREET ADDRESS**: 2307 Pearsall Avenue
**CITY, STATE AND ZIP CODE**: Bronx, NY 10469
**COUNTY**: Bronx

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: NY STATE UNIFIED COURT SYSTEM
**NO. OF EMPLOYEES/MEMBERS**: 1000+
**TELEPHONE NUMBER** (Include Area Code): 212-

**STREET ADDRESS**:
**CITY, STATE AND ZIP CODE**:

**NAME**:
**TELEPHONE NUMBER** (Include Area Code):
**STREET ADDRESS**:
**CITY, STATE AND ZIP CODE**:

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] AGE  [ ] RETALIATION  [ ] OTHER -

**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE** (Month, day, year): 7/ /04

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

See attached statement of particulars

RECEIVED
JUL 19 2004
EEOC-NYDO-CRIU

[ ] I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedure.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this
__ of July 2004

NOTARY PUBLIC
NO. 0505
Qualified in Bronx County
Commission Expires Dec. 31, 2005

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
-----------------------------------------X

In re: Complaint of FRANCES O'LEARY,

                      Complainant,

    -against-

                                                  PARTICULARS

NEW YORK STATE UNIFIED COURT SYSTEM -
OFFICE OF COURT ADMINISTRATION and GERALD
V. ESPOSITO, Individually and GERALD V. ESPOSITO,
as Administrative Justice, Supreme Court - Civil Term,
and JOAN CAREY, Individually and JOAN CAREY
as Deputy Chief Administrative Judge of the Courts
of the City of New York,

                      Respondents.
-----------------------------------------X

        In support of her complaint of National Origin discrimination under the Civil Rights Law Title VII, the particulars are:

    1. Complainant is an Irish-American female.

    2. Complainant has been employed by Respondent Office of Court Administration from on or about November 1978 through the date of this Charge. Her current position is Principal Court Attorney to a Supreme Court Justice.

    3. Respondent Gerald Esposito is the Administrative Justice of the Supreme Court, Bronx County ("Esposito").

    4. Respondent Joan Carey is the Administrative Judge for the Courts of the City of New York ("Carey").

    5. Since 1991 Complainant has repeatedly sought to be considered for a position as a Chief Clerk or Deputy Chief Clerk in the New York City Courts, however, Respondents have repeatedly refused to consider her applications.

    6. Complainant meets or exceeds the qualifications for the position. Since 1985, Complainant has been a Senior, Associate and Principle Court Attorney for various justices of the Bronx Supreme Court. From 1983 to 1985 she was a Senior Court Clerk and from 1978 to 1983, she was Senior and Uniformed Court Officer in New York and Bronx Counties. Complainant has also been certified as eligible for appointment as an Associate Court Clerk on two different occasions.

    7. To informally give notice and an opportunity to cure the improper manner in which the selection process was being conducted, Complainant advised several Chief Clerks, an in-house Bias Committee (chaired by a Justice) and a prior Presiding Justice of the Appellate Division, First Department of her repeated exclusion from the interview process.

8. On or about December, 2002, Complainant sought to be considered for various Chief Clerk positions (e.g. Deputy Chief Clerk IV, Deputy Chief Clerk V or Chief Clerk VII, particularly in the Bronx Supreme Court). Complainant met with Respondent Carey to discuss the Complainant's repeated exclusion from the application process and Respondent Carey advised that she would monitor the application process for positions as to which Complainant was submitting applications.

9. On or about March 5, 2004, Complainant delivered her application for the position of Chief Clerk VII to Respondent Esposito both by in house e-mail and in person. Receipt thereof was acknowledged.

10. Upon information and belief, Complainant's application for the position of Chief Clerk VII was not tendered to the judicial screening panel. The judicial screening panel makes the employment decisions for Respondent Office of Court Administration for the subject positions. As a result, Complainant was not considered for an interview although other applicants who are not Irish-American did receive letters of invitation to interview.

11. Also, on or about March 5, 2004, Complainant delivered her application for the position of Chief Clerk VII to Justice Neil Firetog, Administrative Judge, Civil Division, for the Supreme Court, Kings County. Upon information and belief, no judicial member of the committee screening the applications saw Complainant's resume.

12. Also, on or about March 5, 2004, Complainant delivered her application for the position of Deputy Chief Clerk IV to Alan Murphy, Chief Clerk VII, for the Supreme Court, New York County. Upon information and belief, no judicial member of the committee screening the applications saw Complainant's resume.

13. As to the five positions for which Complainant applied after meeting with Respondent Carey, Complainant was not granted an interview for either of two available Chief Clerk VII positions or the Deputy Chief Clerk position in New York County. Further, as to the sole Deputy Chief Clerk IV position for which Complainant was granted an interview, that position was subsequently re-classified to a lower title and Respondents advised that another candidate was selected.

14. On or about May 5, 2004, Complainant met with Lily Marquez, assistant to Respondent Esposito, to state objection for not being considered for the Chief Clerk position. Complainant received no response from Respondent Esposito.

15. On or about May 6, 2004, Complainant e-mailed written objection to Respondent Esposito as the Respondent's failure to consider her for the Chief Clerk position and to again request an interview. Complainant received no response from Respondent Esposito.

16. On or about May 7, 2004, Complainant hand delivered a complaint letter to Respondent Esposito (by leaving same with his assistant, Lily Marquez) concerning the failure or refusal to grant her an interview for the position of Chief Clerk. Complainant received no response from Respondent Esposito.

17. On or about May 25, 2004, two days before the interviews were to be held, Complainant sent

an e-mail to Respondent Esposito complaining about the failure or refusal to grant her an interview for the position of Chief Clerk. There was no response from Respondent Esposito.

18. On or about May 27, 2004 interviews were held for the position of Chief Clerk. There were several non-Irish-American candidates who were interviewed for the position who do not possess qualifications equal to those of Complainant.

19. Complainant repeatedly requested intervention by the Director of Workforce Diversity for Respondent Office of Court Administration. Thereafter, on or about May 28, 2004, pursuant to Respondent Office of Court Administration internal policy, Complainant filed a written complaint with the Inspector General's Office ("IG") for Bias Matters (Office of Court Administration).

20. On or about June 8, 2004, Complainant was interviewed by IG Special Counsel however neither the complaint to Workforce Diversity or the IG has been addressed (or resolved) in writing by Respondents. The IG's office has not offered any explanation for failing to intercede in the process. Upon information and belief, it is unlikely that there will be any written resolution of the Complaint.

21. Respondents' refusal to consider her or grant her an interview for the position of Chief Clerk creates circumstances that give rise to inference of unlawful discrimination.

22. On or about July 12, 2004, Respondents announced that the position of Chief Clerk VII was given to Tracy Pardo, a non-Irish-American whose qualifications are inferior to those of Complainant.

23. Respondents have articulated no basis relating to position(s) requirements or Complainant's job performance for their failure or refusal to consider Complainant for positions of Deputy Chief Clerk or Chief Clerk. There is no valid business reason for Respondents' conduct since Complainant meets all minimum acceptable qualifications for the subject positions and several of the candidates who were granted interviews for the positions were less qualified than Complainant and the list of interview candidates appears engineered to promote certain candidates who are not Irish-American.

24. As a result of the foregoing, Respondents have administered their procedures, policies and practices in terms of job assignment and transfers in a manner that has limited the opportunities of Complainant under circumstances that give rise to inference of unlawful discrimination.

25. Respondents' disparate treatment of Complainant, including their failure to consider her application for the positions of Chief Clerk VII, especially in Bronx County, failure to receive a job interview or assignment have been based, in all or part, on her national origin which is in violation of the Civil Rights Law Title VII.