UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANCES O'LEARY,

                Plaintiff,                Civil Action No.

- against -                      **05 CV 6722**
                                              COMPLAINT

NY STATE UNIFIED COURT SYSTEM,

                Defendant.               **JUDGE BAER**

------------------------------------------------------------X

        FRANCES O'LEARY, by her attorneys, the law firm of Coren & Associates, P.C., as and for her Complaint against defendant NY STATE UNIFIED COURT SYSTEM, asserts as follows:

[RECEIVED JUL 26 2005 U.S.D.C. S.D.N.Y. CASHIERS]

<u>Nature of the Case</u>

    1. This is an action alleging sex, national origin and race discrimination in employment. More particularly, Plaintiff ("Plaintiff" or "O'Leary") alleges that she was not selected for interview or considered for Deputy Chief Clerk and/or Chief Clerk position(s) by defendant NY State Unified Court System ("OCA") because of because of her sex, national origin and race.

<u>The Parties</u>

    2. O'Leary is over the age of eighteen and resides at 2307 Pearsall Avenue, Bronx, NY 10469.

    3. OCA is, upon information and belief, an agency of the State of New York which conducts the affairs of the State court system. OCA has offices at 25 Beaver Street, New York, NY 10048.

### Jurisdiction

4. OCA employs more than fifteen (15) employees and, as such is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. Sec. 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. 1981a, the New York State Human Rights Law, as codified at N.Y. Exec. L. Sec. 290, *et seq.* ("State HRL") and the New York City Human Rights Law, as codified at N.Y.C. Admin. C. Sec. 8-101, *et seq.* ("City HRL").

5. At all times relevant to this action, O'Leary was an employee of OCA and, as such, was entitled to the protections of Title VII, the State HRL and the City HRL.

6. Jurisdiction before this Court is based on 28 U.S.C. § 1331.

7. The Court also has supplemental jurisdiction over the Plaintiff's State HRL and City HRL claims in accordance with the provisions of 28 U.S.C. § 1367(a).

### Venue

8. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(b) because a substantial part of the events giving rise to O'Leary's claims occurred in this district.

### Factual Allegations Common to All Claims

9. O'Leary is an Irish-American female.

10. O'Leary has been employed by OCA from on or about November 1978 through the date of this Complaint. Her current position is Principal Court Attorney for a Supreme Court Justice. At all times during O'Leary's employment, her attendance and work performance were no less than satisfactory, and were often exemplary. O'Leary consistently received favorable performance evaluations.

2

11. Upon information and belief, OCA has consistently and purposely limited and deprived its Irish-American women employees and applicants of their rights under Title VII, the Civil Rights Act of 1991, State HRL and City HRL, with the intent and design to foster and protect the advantage and advancement of Irish males, and generally Hispanic and African-American employees and applicants to the detriment of said Irish-American women employees and applicants.

12. O'Leary has repeatedly sought to be considered for various positions of Deputy Chief Clerk and Chief Clerk and OCA has repeatedly refused to consider her for or promote her to such positions because of her race, national origin and/or gender.

13. Upon information and belief, OCA long maintained a preference of selecting Irish males over members of other gender and races to fill such positions.

14. That since on or about 1991 through on or about 1999, OCA has refused to consider O'Leary's application for positions of Deputy Chief Clerk and/ or Chief Clerk, and had instead selected Irish males to fill such positions.

15. That since on or about 1999 to the present, OCA has maintained a practice of preferring Hispanic and /or African American individuals over members of other races or national origins to fill such positions.

16. That O'Leary met the qualifications for aforesaid positions. OCA's repeated refusal to consider her for or promote her, and with OCA's repeated consideration and selection of Irish Male, Hispanic and African American individuals with less education, time in service or range of experience to fill positions, create circumstances that give rise to inference of unlawful discrimination.

17. That OCA's conduct constitutes a pattern or practice of repeated acts which taken

together constitute continuous unlawful employment practice and it is ongoing.

18. That OCA has articulated no reasonable bases relating to position requirements or Complainant's job performance for failure or refusal to consider or promote O'Leary, and there is no valid business reason for OCA's conduct since O'Leary met or exceeded the qualifications for the positions available compared to other candidates chosen for said interviews and/ or appointments.

19. That as a result of the foregoing, OCA has administered its procedures, policies and practices in terms of candidate considerations, promotions and position award in a manner that has limited the opportunities of O'Leary under circumstances that give rise to inference of unlawful discrimination.

20. That OCA's policies and practices have resulted in a course of conduct constituting a continuing violation of O'Leary's civil rights.

21. That OCA's disparate treatment of O'Leary, including its failure to consider her application for the positions of Deputy Chief Clerk(s) and/ or Chief Clerk(s), failure to award position interview opportunities, failure to promote and failure to award positions have been based, in all or part, on her national origin, gender and race which is in violation of the Civil Rights Law Title VII.

22. As a consequence of the foregoing acts of discrimination, O'Leary has sustained emotional and economic injuries compensable under Title VII, the State HRL and the City HRL.

23. The actions and omissions taken against O'Leary were done with malice, recklessness and/or in knowing disregard of her protected rights.

4

24. That after O'Leary filed a charge of discrimination with the EEOC, OCA claimed that she lacked managerial experience.

25. On or about July 19, 2004, and within 300 days after the cause of action herein arose, Plaintiff filed or caused to be filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the State Division of Human Rights (e.g. a dual filing by administrative work sharing arrangement).

26. By letter dated April 29, 2005, the EEOC dismissed Plaintiff's charge, closed its file and advised Plaintiff of her right to commence suit within ninety (90) days of her receipt thereof.

### As and For a First Cause of Action

27. Plaintiff restates, repeats and reiterates the allegations contained in paragraphs 1 through 26 as if set forth at length herein.

28. Defendant's actions were in violation of Title VII.

### As and For a Second Cause of Action

29. Plaintiff restates, repeats and reiterates the allegations contained in paragraphs 1 through 28 as if set forth at length herein.

30. Defendant's actions were in violation of the State HRL.

### As and For a Third Cause of Action

31. Plaintiff restates, repeats and reiterates the allegations contained in paragraphs 1 through 30 as if set forth at length herein.

32. Defendant's actions were in violation of the City HRL.

### Jury Demand

33. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor awarding the following relief:

1. Directing, ordering and awarding O'Leary all available make whole relief, including granting her the next available position of Deputy Chief Clerk or Chief Clerk, together with retroactive seniority and other perquisites;

2. Back pay, front pay, compensatory and punitive damages in an amount to be determined after a trial of the issues;

3. Recovery of Plaintiff's reasonable costs and attorneys' fees in an amount to be determined after a trial of the issues;

4. Recovery of all sums including base salary and bonuses that were unlawfully denied to O'Leary by OCA; and

5. Such further relief as may be deemed appropriate by the Court.

Dated: New York, New York
July 25, 2005

Steven M. Coren (SC8693)
COREN & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
570 Lexington Avenue
New York, New York 10022
(212) 371-5800

6