UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCES O'LEARY, :
:
               Plaintiff, : 05 Civ. 6722
:
-against- : ORDER
:
NY STATE UNIFIED COURT SYSTEM :
:
               Defendant. :
------------------------------------------------------------X

**Hon. Harold Baer, Jr., District Judge:**

     WHEREAS, the parties appeared before me by telephone on August 9, 2006 to resolve various outstanding disputes involving document production; and

     WHEREAS, the parties submitted letter briefs to me that set forth their views on the matter; it is hereby

     ORDERED that the Defendant shall produce (or need not produce, as the Order reflects) the following documents no later than August 16, 2006 (the rulings follow the requests in Plaintiff's letter dated August 9, 2006):

1) Defendant will produce the courses, credentials, complimentary and negative evaluations or comments, and complaints for persons selected for interviews (including successful candidates), dating back five years from the date of the first interview, for the following three positions:
   a. Deputy Chief Clerk V (NY Co. Criminal Ct., 2002)
   b. Chief Clerk VII (Bronx, 2004)
   c. Chief Clerk VII (Kings, 2004)

2) If the following information is on the resumes that have already been produced, nothing further is required. If not, the Defendant will produce materials bearing on educational, professional and other general experience for those persons selected for interviews (including successful candidates), dating back five years from the interviews, for:
   a. Deputy Chief Clerk V (NY Co. Criminal Ct., 2002)
   b. Chief Clerk VII (Bronx, 2004)

3) Defendant need not produce the following with respect to the Deputy Chief Clerk V, and two Chief Clerk VII positions:
    a. Materials bearing on job performance,
    b. Materials bearing on supervisory experience,
    c. Letters and requests (or other communications) for position consideration or recommendations from any source, and
    d. Materials bearing on or referring to references, background or credential checks or investigations.

4) Defendant need not produce any requested material that relates to the two Court Clerk Specialist positions.

5) Based on the Defendant's representation that the Plaintiff's personnel file has been produced in its entirety, Plaintiff requests the balance of her personnel file or in lieu of that, a representation that there are no negative references, complaints, or evaluations that relate to her. That request is denied. The Defendant, however, is precluded from the introduction of any new and different documents on this issue.

6) Defendant need not produce the personnel files for the following individuals numbered in Plaintiff's letter as follows: 10) Michelle Foggie, 11) Lilly Marquez, 12) Richard Ruggiero, and 13) Stephanie Smith.

7) Defendant is directed to produce personnel files for the remaining individuals (numbered 1-9 on the list) who were candidates, or selected for the following three positions:
    a. Deputy Chief Clerk V (NY Co. Criminal Ct., 2002)
    b. Chief Clerk VII (Bronx, 2004)
    c. Chief Clerk VII (Kings, 2004)

8) Personnel files of the individuals (numbered 1-9 on the list) who were not candidates, or selected for Deputy Chief Clerk V or Chief Clerk VII positions need not be produced.

9) Defendant represents he has already produced the materials relevant to the interview process for the two Chief Clerk VII positions, if this is not so, they must be produced.

10) Defendant will produce all notes of interviewee evaluations for the Deputy Chief Clerk V position.

11) Defendant need not produce all notes of interviewee evaluations for the two Court Clerk Specialist positions.

12) Defendant will produce documents relating to employment discrimination and/or unlawful employment practice allegations lodged against Defendant in any New York City court or in any judicial, quasi-judicial or administrative forum from 1996 to present.

13) Defendant need not produce documents relating to job transfers, classifications, reclassification or other changes in pay or positional gradations which were considered or granted for the individuals (numbered 1-9 on the list) who were candidates, or selected for the Deputy Chief Clerk V and two Chief Clerk VII positions, dating back five years from the interviews.

14) Defendant need not produce any documents relating to decrees, orders or mandates concerning the Equal Employment Opportunity ("EEO") practices of the Defendant.

15) Defendant will produce documents relating to any statistical or other analysis concerning the racial, ethnic, and gender makeup of the Defendant's personnel.

16) Defendant will produce Hon. Juanita Bing-Newton and Maria Lopez for depositions to be conducted no later than September 18, 2006.

IT IS SO ORDERED.

August 10, 2006
New York, New York

_____
U.S.D.J.

\* While some of these requests are too broad, some seemingly too burdensome, and others irrelevant, the Plaintiff may, on or before Wednesday, August 16, narrow her demands and/or explain why they may be relevant. The Defendant may respond by Friday, August 18, 2006.