**COREN & ASSOCIATES, P.C.**
Counsellors at Law
228 EAST 45TH STREET, 17TH FLOOR
NEW YORK, NEW YORK 10017
(212) 371-6800
FAX (212) 371-6785
info@capclaborlaw.com
www.corenpc.com

STEVEN M. COREN
ERIC SU

Of Counsel:
STEPHEN C. COOPER
L.SUSAN SLAVIN LAW FIRM, P.C.

LONG ISLAND OFFICE
1010 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(631) 724-6400

RECEIVED
SEP 05 2006
HAROLD BAER
U.S. DISTRICT JUDGE
S. D. N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/06

September 1, 2006

**VIA FAX (212) 805-7901**
Hon. Harold Baer, Jr.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re: *O'Leary v. Unified Court System*
*SDNY Case No. 05cv6722(HB)(DCF)*

Your Honor:

We are counsel for Plaintiff in the above-referred matter and we make application to extend the time in which Plaintiff may file responsive papers to Defendant's motion for summary judgment. The opposition was due on or about August 29, 2006, e.g. 20 days after Defendant's motion was untimely filed.

There are several substantive reasons for this application. First is that discovery is on-going. Depositions are scheduled for Tuesday and Thursday of next week as well as a third on September 11, 2006. In addition, Plaintiff intends to depose three additional witnesses and she will recall one witness to complete a deposition now that various documents have been produced by Defendant. Overall, Plaintiff believes that through this discovery she will obtain evidence to proof a systemic denial of her civil rights. It is further believed that the discovery will support Plaintiff's claim that facially neutral employment practices were and continue to be a pretext for conjured and artificially controlled employment decisions. This will also debunk Defendant's position that Plaintiff was simply not qualified for the positions she sought; rather, Plaintiff was denied the opportunity to show that she should have been considered by Defendant's failure to allow her interviews.

Moreover, Plaintiff believes that the improper practices have continued since she filed the instant matter. In fact, she has filed a second EEOC charge claiming a continuing violation and denial of consideration for several additional posts. (A right to sue letter has been requested and joiner with the present matter may be prudent.) In this charge, Plaintiff has asserted that she was wrongly denied Court Clerk Specialist of the Fiduciary Clerk Guardianship in Bronx County ("November 2004)(she met the minimum requirements for the position based on nearly twenty years of experience as a Senior, Associate, and Principal Court Attorney and her work as a Senior Court Clerk for the Civil and Surrogate Courts and two certifications of eligibility for appointment to the position of Associate Court Clerk). Defendant selected Philip Conran for the Fiduciary Clerk position; he is not a Caucasian female, failed to meet the position's minimum requirements altogether at the time of the interview, and was less qualified than Plaintiff. Thereafter, Plaintiff applied for four (4) other positions and

experienced the same pattern of denied access to each position. Respondent selected applicants who were not Caucasian females and upon date of interview were markedly less qualified than Complainant. These positions were: (a) Chief Clerk VI, Surrogate Court - Bronx County (October 2005); (b) Court Clerk Specialist, Surrogate Court - Bronx County (February 2006); and (c) Court Clerk Specialist, Supreme Court, Matrimonial Bureau - Bronx County (May 2006).

Further, Plaintiff should be allowed additional time to respond to Defendant's motion on procedural grounds as well. Defendant's motion was untimely. Defendant entirely missed its original opportunity to file a dispositive motion. The Court then granted Defendant leave to file its motion by August 1, 2006 but this was not complied with either. The motion was not filed until on or about August 7, 2006. Defendant did not seek the Court's permission to late file its motion and Defendant, although required by FRCP §6(b)(2), failed to demonstrate "excusable neglect" for its failure.

We have conferred with counsel who advises that he does not consent to an extension for Plaintiff to file her opposition. This is not only unseemly but unfair. Counsel would seek to hold Plaintiff to a strict schedule when Defendant has liberally ignored its own deadlines. Equally important is Defendant's slowness in responding to discovery. Your Honor should be aware that it was only after much delay and foot-dragging (even after Magistrate Judge Freeman on July 24, 2006 ordered Defendant to produce various personnel files of candidates selected for interviews as to the positions which are at the heart of the case), Defendant continued to refuse to comply with its discovery obligations. It was only after the Court's issuance of the August 11, 2006 Order did Defendant finally produce some documents and contact Plaintiff to further schedule depositions, which are to be held during the upcoming two weeks.

The unfinished discovery is necessary for Plaintiff to respond to Defendant's motion. Defendant's motion is predicated on two (2) grounds: (a) Plaintiff's alleged failure to exhaust administrative remedy; and (b) Plaintiff failed to establish two elements of a *prima facie* claim of discrimination and that Plaintiff lacked the requisite credentials to warrant consideration for positions she applied for. As to the first predicate to Defendant's purported motion, questions of fact remain as to whether Defendant's failure to grant interviews for positions applied for by Plaintiff since 1998 constitute continuing and repeated violations of applicable EEO law and thus are covered by Plaintiff's EEOC charge filed in 2004. The motion's second predicate is equally without basis as questions of fact exist concerning whether Plaintiff's credentials and experience meet the requisite qualifications and conditions of the positions she applied for.

Resolution of these factual questions is necessary to determine whether the candidate selection and hiring process was arbitrary, capricious, and, more importantly, discriminatory. Documents were only received by this office about ten (10) days ago. Plaintiff is in the process of reviewing those documents, which will only begin to cast doubt into some of Defendant's alleged undisputed facts. Depositions currently scheduled to be held during the next two weeks will show that Defendant's alleged discriminatory employment practice was systemic and that Plaintiff's civil rights were continuously violated by Defendant dating back as early as 1991. Moreover, it further appears that Defendant is still withholding certain discovery which would tend to show that many candidates ultimately selected to fill the positions that Plaintiff sought did not meet the minimum qualifications for the positions or had prior suspension(s) or other employment related disciplinary issues about which Defendant knew but chose to ignore.



On the basis of the foregoing, the Court is respectfully urged to grant Plaintiff's instant application and allow Plaintiff until ten (10) days after the close of discovery to respond to Defendant's motion. The Court's consideration is appreciated in advance. Kindly advise.

Very truly yours,

Steven M. Coren

SMC/es

cc: John J. Sullivan, Esq. - via fax 518-473-5514
F. O'Leary - via email

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 9/5/06

Endorsement:

1. There will bc no further adjournments. All summary judgment papers will be filed and courtesy copy on my dcsk by 9/15/06 - That gives me less than the clear requirement in my rules, but I suppose l support the theory that no good deed goes unpunished.

2. If I recall correctly l told you, or if not l tell you now, discovery can continue up to the submission of exhibits, etc. before trial. But obviously it will not be usable in the motion papers.

3. If you have a new or additional claim you wish to join my thought, similar to the defendants, who by thc way is hardly blameless in the debacle you have produced insofar as following timetables is concerned to say nothing of discovery, is that I can dismiss without prejudice - which may happen anyway - or can put the matter on my suspense calendar and dismiss in 60 days if no new complaint with NEW claim is served and filed - without hearing from you on this score, the matter will proceed to trial as scheduled.