USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/07

**MAURO & GUZZARDO, LLP**
131 Jericho Turnpike, Suite 302
Jericho, New York 11753
(516) 333-2018
Fax: (516) 333-2018

March 9, 2007

VIA ECF
Hon. Harold Baer, Jr., USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    O'Leary v. Unified Court System
              05 Civ. 6722 (HB)

Dear Honorable Sir:

    This firm has recently been retained as counsel for Plaintiff in the above referenced matter and filed a Notice of Appearance via ECF on February 28, 2007. The purpose of this letter is to request a brief extension of time, an additional six weeks, to complete discovery. We have obtained the consent of Defendant's counsel. This application is necessary for several reasons:

### DEFENDANT STILL OWES OUTSTANDING DISCOVERY

    By letters dated, January 25, 2006, February 10, 2006, February 24, 2006 and February 23, 2007, Plaintiff sought from Defendant responses to her various discovery requests. Further, Plaintiff sought judicial intervention to help resolve discovery issues on June 12, 2006 and most recently in February 2007.

    To date, a significant amount of discovery remains outstanding. I have been advised by Defendant's counsel that a response to Plaintiffs discovery letter of February 23, 2007 shall be provided shortly. However, in light of the fact that we do not anticipate document production until, at the earliest, next week, we will be only two (2) weeks away from the discovery cut off. Through no fault of her own, Plaintiff will be greatly prejudiced should the extension not be granted, in that we will be unable to evaluate said documents and schedule any depositions relative thereto within the two (2) week period of time.

    Plaintiff has continually requested production of these documents and should not be prejudiced by Defendant's failure to respond until the close of discovery.

Hon. Judge Harold Baer                                          March 9, 2007
                                                                -Page Two-

### THE REQUEST IS REASONABLE IN LIGHT OF THE RECENT
### SUBSITUTION OF COUNSEL

As incoming counsel, this firm has yet to receive the complete file from former counsel, Steven M. Coren, Esq. While we expect it shortly, Mr. Coren has advised that the entire file is still in the process of being transferred to this office.

Further, to date, we do not have a copy of the deposition transcript of the Plaintiff. Mr. Coren has informed us that he never received a copy from Defendant. We have requested an expedited copy from the court reporter, however, to date, we have not yet received it. We cannot properly analyze whose, if any, additional depositions need to be taken without the Plaintiff's deposition transcript and the complete file.

The issues relative to the file and the deposition transcript could not have been anticipated by this firm and we should not be penalized for matters that are out of our control.

When this firm substituted as counsel, we understood that Plaintiff's deposition had been taken almost a year ago and reasonably expected that Defendant's counsel would have provided Plaintiff with a copy and/or Plaintiff's counsel would have ordered a copy. It was only this week that we were advised by Mr. Coren that he did not have such a copy. Mr. Coren further advised this week that we do not, in fact, have the entire case file. As soon as we learned that the file was incomplete, we acted diligently, seeking both the deposition transcript and the remainder of the file.

Finally, it is our understanding that Plaintiff's former counsel did, in fact, request that she seek a new attorney. Not wanting to continue with counsel that sought to withdraw from the matter, Plaintiff retained this firm. Plaintiff did not terminate her counsel and in no way was she trying to delay this litigation. Plaintiff should not be penalized under these circumstances.

### THIS REQUEST WILL FACILITATE THE STREAMLINEING OF DISCOVERY

Allowing Plaintiff this brief extension of time to complete discovery will, in fact, help to crystallize the issues and, ultimately, narrow discovery. Should we be forced to rush through discovery, we will not have ample time to properly analyze what depositions need to be completed. Therefore, we may, as a result, take unnecessary depositions.

Hon. Judge Harold Baer            March 9, 2007
-Page Three-

### THE ADDITIONAL TIME WILL NOT EFFECT THE TRIAL DATE

This extension will not have the effect of pushing back the trial date of September 2007. We are confident that we will be trying this case at such a time.

Since this extension is necessary, on consent and will facilitate narrowing the testimony and issues for trial without delaying the trial date, we respectfully request that it be granted.

On or about March 28, 2006, the parties jointly requested an extension of the discovery schedule. Your Honor granted said request on March 29, 2006. This is the first such request following the filing of the Amended Complaint on November 15, 2006.

Thank you for your consideration.

Respectfully Submitted,

Eden Fitzgibbons-Mauro
(EF-5296)

Cc: John J. Sullivan, Esq. (Via Regular Mail)

[Handwritten note from Judge, dated 3/16/07:] While I have a different take on your "excuses" — let me simply remind you that the Federal Rules tell you what to do if production is delayed — do not wait as to extending me for more time you will find that on the last day I will be fully unavailable. I will discuss that issue with the rest in the next days that motions extend with the last day for motions not further extend — September trial month.

SO ORDERED
Harold Baer
USDJ

Endorsement:

    While I have a very different take on your "excuses" let me simply remind you that the Federal Rules tell you what to do if production is delayed - do not wait and come to me for more time you will not get it.  As to extending discovery to coincide with the last day for fully briefed motions thats fine with me - just be clear that I will not further extend either the last day for motions nor the September trial month.