UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

FRANCES O'LEARY,

                      Plaintiff,

   -against-

NY STATE UNIFED COURT SYSTEM,

                      Defendant.

------------------------------------------------------X

05 Civ. 6722 (HB)

REPLY TO DEFENDANT'S RULE 56.1 STATEMENT AND PLAINTIFF'S STATEMENT OF <u>ADDITIONAL FACTS</u>

Plaintiff, by her attorneys, Mauro & Guzzardo, LLP, submits the following Reply to Defendant's Rule 56.1 Statement and Statement of Additional Facts.

<u>REPLY</u>

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit

9. Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

17. Admit.

18. Admit.

19. Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Deny: "including one from plaintiff that did not contain a written statement as required by the job announcement" on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

Admit remainder of paragraph.

27. Admit.

28. Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

29. Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

30. Admit.

31. Admit.

32. Admit: "…eight people – including Plaintiff- were selected to be interviewed on or about February 15, 2005".

Deny: remainder of paragraph on the grounds that the statement of fact relies only on the affidavit of John Sullivan. Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

33.    Deny on the grounds that the statement of fact relies only on the affidavit of John Sullivan.  Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

34.    Admit.

35.    Admit.

36.    Admit.

37.    Admit.

38.    Admit.

39.    Admit: "..applications were received for this position, including an application submitted by Plaintiff on March 5, 2004", and "…applications – including plaintiff's application – were submitted to the interview panel".

Deny remainder of paragraph on the grounds that the statement of fact relies only on the affidavit of John Sullivan.  Affidavits must be based on personal knowledge and thus, because the statement of fact is not within the scope of personal knowledge it is inadmissible.

40.    Admit.

41.    Admit.

42.    Admit.

43.    Deny: "All candidates had progressed through a series of increasingly higher-graded clerical titles" on the grounds that the Exhibit does not support the contention.

Admit remainder.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Deny on the grounds of compounding facts and statements made within are based upon documentation which is hearsay.

58. Admit.

59. Admit.

60. Deny.

61. Admit.

62. Admit.

## STATEMENT OF ADDITIONAL FACTS

1.      On or about May 28, 2004, Plaintiff filed a complaint with the New York State Unified Court System Office of Inspector General alleging race, color , national origin, sex, age and education based discrimination in promotions. Exhibit "A" to Fitzgibbons Mauro Affidavit.

2.      In December 2002, Plaintiff applied for the position of Deputy Chief Clerk V.  Exhibit "C" and "D"  to Fitzgibbons Mauro Affidavit.

3.      The position was ultimately given to Serena Springle.   Exhibit "C" to Fitzgibbons Mauro Affidavit.

4.      At the time she was appointed to Deputy Chief Clerk V, Serena Springle only possessed a high school diploma.   Exhibit "E" to Fitzgibbons Mauro Affidavit.

5.      Plaintiff was not given the position of Deputy Chief Clerk V.  See Exhibit "C" to Fitzgibbons Mauro Affidavit.

6.      John Raniolo was listed as the number two (2) preference of all candidates for the position of Chief Clerk of the Bronx County Surrogate's Court. Exhibit "F" to Fitzgibbons Mauro Affidavit.

7.      At the time of appointment, Mr. Raniolo's resume did not indicate any experience in the Court Clerk Series.  Exhibit 23 to Sullivan Affidavit.

8.      Angel Cruz was granted an interview for the position of Chief Clerk of the Bronx County Surrogate's Court.  Exhibit 23 to Sullivan Affidavit.

9. At the time of the interview, Mr. Cruz had only six (6) years experience in the Unified Court System and did not have any experience in the Court Clerk Series. Exhibit 23 to Sullivan Affidavit.

10. In December 2005, while working for J. Sackett, Bronx County, Plaintiff was given a letter of termination. Affidavit of Plaintiff, par. 9.

11. In December 2005, Plaintiff interviewed for a position with J. Caesar Cirigliano, a Court of Claims Judge and was denied said position. Affidavit of Plaintiff, par. 10.

12. In or about February 2006, Plaintiff joined the Law Department and her position was changed to Court Attorney. Affidavit of Plaintiff, par. 12.

13. As a Court Attorney, Plaintiff is covered by the union, is forced to pay union dues, is subject to compulsory donation of annual leave time and she no longer receives the same level of dental and optical benefits. Affidavit of Plaintiff, par. 12.

Dated: Jericho, New York
     April 30, 2007

Mauro & Guzzardo, LLP
131 Jericho Turnpike, Suite 302
Jericho, New York 11753
(516) 333-2015

By: _____
   Eden Fitzgibbons Mauro
      (EF-5296)

7